## JOHN H. SPEER v. SOUTHWEST MISSOURI RAIL-ROAD COMPANY, Appellant.

**Division One, March 2, 1915.**

**APPELLATE JURISDICTION: Constitutional Question: Untimely Raised: Speed Ordinance.** Where plaintiff, in an action for damages for personal injuries resulting from a collision between his automobile and a street car, predicated his right of recovery upon a violation of an ordinance which limited the rate of speed of street cars, and set it out in his petition *in haec verba*, it was defendant's duty, if it wished to assert that said ordinance was unconstitutional as an impairment of its contract with the city, to plead its unconstitutionality in its answer, the first door open to it; and if it waited until after verdict, and then for the first time raised the point that the court violated its constitutional right in refusing to admit in evidence another ordinance which it is claimed constituted its contract with the city, it will be held that the constitutional question was an afterthought and untimely raised and therefore is not in the case at all.

Appeal from Jasper Circuit Court.—*Hon. D. E. Blair,* Judge.

TRANSFERRED TO SPRINGFIELD COURT OF APPEALS.

*McReynolds & Halliburton* for appellant.

*A. C. Young* for respondent; *Thomas & Hackney* of counsel.

GRAVES, P. J.—This is a suit for personal injuries. The plaintiff, in company with the owner of an automobile, was injured by reason of a collision between the automobile and one of defendant's electric street-railway cars. The plaintiff charged in his petition that the electric street-railway car was being run in excess of six miles an hour, in violation of a city ordinance of Webb City, Missouri, and that the de-

fendant negligently failed to give any warning of the approach of said car as said car was approaching a public street crossing. The answer was (1) a general denial, and (2) contributory negligence pleaded in minute detail. Reply a general denial. Plaintiff had judgment for $1000 and defendant has appealed. The cause was evidently brought here on the theory that there was a constitutional question involved. We are of the opinion that there is no such question properly raised or involved in this record, and for that reason, this cause should be transferred to the Springfield Court of Appeals. The constitutional questions are thus stated in the motion for new trial:

"Because the action of the court in refusing to admit in evidence defendant's franchise and in refusing said Instruction 'J' is violative of section 10, article 1, of the Constitution of the United States, in that the action of the court impaired the obligation of contracts between Webb City and the defendant company.

"Because the act of the court in excluding the franchise between the city of Webb City and the defendant company, and in refusing said instruction is violative of section 15, article 2, of the Constitution of Missouri, and is violative of section 30, article 2, of the Constitution of the State, in that it impaired the contract obligation between Webb City and the defendant company, in that it deprived the defendant company of a property right without due process of law."

The instruction "J" referred to reads:

"The court instructs the jury that the ordinance of Webb City limiting speed of cars on and across the streets does not apply to defendant, being in violation of its franchise from city of Webb City."

Section 12 of Ordinance No. 137, being the franchise ordinance, referred to, and offered in evidence, but not admitted, reads:

"No car, in any case, shall run at a greater speed than ten miles per hour within the built-up portion of

the city; and when cars are turning corners from one street to another, the speed shall not be greater than three miles per hour. In the outskirts of the city, the speed is to be limited to fifteen miles per hour.''

This is the whole foundation of the alleged constitutional question.

This alleged constitutional question was not timely raised in this case. Questions of this character must come in at the first open door. This alleged constitutional question is an afterthought, born of an adverse judgment. In this case, the plaintiff predicated his right of recovery (as one ground thereof) on an ordinance which limited the rate of street-car speed in Webb City to six miles per hour. This ordinance was set out *in haec verba* in the petition. When duly served, as it was, the defendant was called upon to answer this petition and all parts thereof. The binding character of the ordinance pleaded by plaintiff was a matter for the defendant to have considered in the preparation of its answer. If the ordinance pleaded in the petition involved any contract rights of the defendant, it was the duty of the defendant to embody that defense in its answer. If the ordinance was not applicable to defendant, it should have so pleaded. In other words, the first open door for the alleged constitutional question was in the answer. We shall not cite the numerous cases. It is sufficient to say that when a constitutional question can be raised by answer, it is untimely, and taken as waived, if not then raised. Such has been the uniform holding of this court. We doubt whether the matter complained of is in fact a constitutional question. But we need not encumber this opinion with a discussion of that question. It was not raised in time and that takes it out of the case. The cause is, therefore, transferred to the Springfield Court of Appeals for determination. All concur.

<div style="margin-left:2em;font-size:small">Constitutional<br/>Question.</div>