JAMES H. SPEER, Respondent, v. SOUTHWEST MISSOURI RAILROAD COMPANY, Appellant.

Springfield Court of Appeals, June 17, 1915.

1. **APPEAL AND ERROR: Questions Not Settled in Record.** Action against a street railway for personal injuries occasioned by collision with one of defendant's cars. Plaintiff introduced an ordinance limiting the speed of street cars and defendant offered its franchise which fixed a greater rate of speed. The franchise was excluded upon the objection of plaintiff that it was passed prior to the ordinance. No showing was made that the franchise antedated the ordinance. On appeal defendant cannot rely on the failure of the record to show the respective dates of the franchise and ordinance.

2. ———: **Objections to Evidence: Grounds Stated: These Alone Considered by Appellate Court.** Where in the briefs and in the motion for a new trial the only objection urged by the defendant against the admission in evidence of an ordinance fixing the speed of defendant's car was the unconstitutionality of such ordinance, this question alone will be considered by the appellate court.

3. ———: **Requested Instructions All Given: When Appellate Court Will Not Consider Error.** Where all of defendant's re-

quested instructions, as to imputed negligence were given by the trial court and these fully covered the defenses pleaded and shown, the appellate court will not consider the correctness of such instructions on appeal by defendant.

4. **STREET RAILROADS: Negligence: Contributory Negligence: Evidence.** Action for injuries received by one while riding in an automobile which collided with one of defendant's street cars. Evidence examined and considered not to show defendant guilty of contributory negligence as a matter of law.

5. ————: **Speed Ordinance: Knowledge of by One Injured.** Action for injuries received by one while riding in an automobile which collided with one of defendant's street cars. Where no contributory negligence on the part of the plaintiff is shown, plaintiff can rely for recovery on an ordinance limiting the speed of street cars, though at the time of the injury he did not know of the existence of such ordinance.

6. **APPEAL AND ERROR: Objections to Evidence: When Not Passed on by Appellate Court.** Where objections made by plaintiff to certain questions asked defendant's witnesses by defendant were sustained but the witness answered the question regardless and no motion was made that the answer be stricken out, the appellate court will not consider the correctness of the ruling on defendant's appeal.

Appeal from Jasper County Circuit Court, Division Number Two.—*Hon. D. E. Blair,* Judge.

AFFIRMED.

*McReynolds & Halliburton* for appellant.

*A. G. Young* for respondent.

ROBERTSON, P. J.—The defendant operates an electric street car service on a double track for a considerable distance along Daugherty street running east and west in Webb City. Walker street crosses it at right angles a short distance west of where defendant's road leads over a viaduct. On June 14, 1909, the plaintiff, then a stranger there, was riding, for pleasure, in an automobile of a friend, being operated by the owner, traveling south on Walker street and in cross-

ing Daugherty street a collision occurred between the automobile and two cars passing in opposite directions on defendant's track, demolishing the automobile and seriously injuring the plaintiff. This action was instituted alleging defendant's negligence and an ordinance of Webb City prohibiting street cars from running therein at a greater rate of speed than six miles per hour. The defendant answered by a general denial and allegations of the negligence of the driver of the automobile in running at a careless and reckless rate of speed upon its tracks; that neither the driver of said automobile nor the plaintiff looked or listened for cars on defendant's track and the said driver did not check or slow up his automobile before attempting to cross the track which plaintiff well knew, and that the driver of said automobile attempted to cross defendant's track at a reckless rate of speed in front of defendant's westbound car and attempted to turn his automobile to the east and ran it into defendant's car going east, the westbound car running into the automobile before the motorman thereof could stop the car and prevent the collision. It is alleged that plaintiff knowing the negligence of the driver of the automobile in driving at a reckless rate of speed without looking or listening for street cars did not make any effort to have the driver of said automobile check its speed or to look or listen for street cars and that the plaintiff failed to look or listen or to make any effort to have the driver of the automobile do so.

A jury trial was had which resulted in a verdict for the plaintiff. During the progress of the trial the ordinance referred to in plaintiff's petition was offered and received in evidence without objection. The defendant offered in evidence a section of its franchise limiting the speed of its cars to ten miles per hour. Upon an objection by the plaintiff that the ordinance which it had previously offered in evidence was of a later enactment the court refused to admit the section

of the franchise, to which the defendant excepted and at the close of the testimony requested an instruction to the effect that the ordinance referred to in plaintiff's petition did not apply to defendant as it was in violation of its franchise. The defendant's motion for a new trial assigned error upon the action of the court in refusing to admit its franchise in evidence and to give the instruction thereon, asserting in the motion that such action violated section 10, article 1, of the Constitution of the United States in that the action of the court impaired the obligation of the contract between Webb City and the defendant and also that it violated section 15, article 2, of the Constitution of the State of Missouri and section 30, article 2, of said Constitution. The motion for a new trial was overruled and the defendant appealed to the Supreme Court of this State from whence it was transferred (174 S. W. 381) to this court for the reason that the effort of the defendant to raise a constitutional question was not timely made.

The defendant insists here that there is nothing in the record of this case to disclose that the ordinance which constitutes its franchise antedates the ordinance referred to in plaintiff's petition and offered in evidence by him. Evidently when these offers were made there was before the trial court the entire ordinance from which the sections quoted in the record were taken. When defendant offered the section of its franchise plaintiff objected thereto on the ground that the ordinance offered in its behalf was of a later date than the one constituting defendant's franchise. The court sustained the objection as made and defendant in no way challenged the assertion as to the dates of the respective ordinances. In respondent's brief it is stated that the franchise ordinance was passed October 3, 1892, and the ordinance relied on by the plaintiff on May 15, 1905. At the oral argument this assertion in respondent's brief was not challenged and con-

sidering the form of the objection, the continued silence of the defendant on the question of the real dates of the ordinance we hold that it cannot now be heard to contend otherwise than that it is a fact that the ordinance relied upon by the plaintiff is later than the franchise ordinance. If this is not true it is incumbent on defendant to print so much of the ordinances in its abstract of the record as is necessary to show the contrary.

This case was briefed by both parties for the Supreme Court and the briefs have been transferred and submitted to us for use in the final disposition of this case. In the briefs, as well as in defendant's motion for a new trial, the only objection urged against the admission of the ordinance relied upon by plaintiff in evidence and the rejection of the section of the one relied on by defendant is that thereby the defendant's constitutional rights were invaded. The Supreme Court decided that this contention is not in this case for decision, which, since there is no other point made as to the ordinance, disposes of that question as well as the point urged as to the dates above discussed.

Many of the questions raised here are based, as so often happens upon the misconception of the effect of the testimony adduced in the trial of the case. The question of imputed negligence is not before us for decision as the instructions upon this question requested by the defendant were given and it is, therefore, unnecessary for us to consider whether or not they properly declare the law. They fully covered the defenses as pleaded and developed by the testimony.

It is insisted by defendant that we should hold the plaintiff guilty of contributory negligence as a matter of law and this is based upon the assumption that there is no testimony tending to prove that he exercised such care as an ordinarily prudent person would have exercised under the same or similar circumstances and it is said that the physical facts are such that much of

the testimony which is apparently favorable to plaintiff should be disregarded. We shall discuss this case with as little reference to the driver of the automobile as possible and without any intent or purpose of prejudging his rights. The plaintiff testified that when within about twenty-five or fifty feet from the north rail of defendant's tracks the automobile was slowed down to about from four to six miles per hour; that at that point he could not see more than seventy-five or one hundred and fifty feet east on defendant's tracks and that he looked and listened for a street car and when asked if after that slowed up he further looked he answered that "you couldn't help but look." The driver of the automobile testified that when within about forty feet of the north track he slowed up, looked and listened for a street car, didn't see or hear any, his automobile was making but little noise, as he started to go across the track and the front wheels were on the north track he saw the eastbound car one hundred and seventy-five feet west of him coming east on the south track at what he was certain was thirty miles an hour; knowing he could not get across ahead of that car, knowing that his automobile was sufficiently far on the track to be caught by the car he endeavored to increase its speed, go ahead and turn to the east, but just as he made the turn he saw the car coming from the east off of the viaduct, which other testimony tended to prove was running twelve miles an hour, whereupon as the only alternative he steered his automobile into the space between the two tracks which was too narrow to allow the automobile to pass between the cars and he was caught with his machine between the two cars completely demolishing the automobile and inflicting the injury on the plaintiff for which he recovered his judgment. At the point where they slowed down before going onto defendant's track they could see west about seventy feet and east only a short distance. The driver of the automobile testified that he

did not know that he looked after leaving the point where he first slowed down, looked and listened, but that he must thereafter have looked because he saw the eastbound car when it was one hundred and seventy-five feet west of him. Considerable controversy arises in behalf of defendant over the fact that it contends that observations made by witnesses in its behalf discloses no such obstructions as testified to by witnesses for the plaintiff, but this raises only an issue of fact which has been submitted to and decided by the jury. It is also contended by the defendant that the testimony discloses beyond controversy that the driver of the automobile ran directly into the eastbound car and broke the air tank thereon used in connection with the air brakes, but plaintiff's witnesses contradicted this as well as a number of witnesses for the defendant, as follows: John Hughes testified that the front of the westbound car struck the automobile and the front of the eastbound car struck the rear of the west end of the automobile; George W. Mattison testified that the automobile was struck by the car going east; A. W. Stoner testified that he was a passenger on the westbound car and that when he first saw the automobile it was coming down between the two tracks; T. C. Turnpaugh the motorman on the westbound car testified that he saw the driver of the automobile turn east to avoid the eastbound car which "was coming right down on him and coming rapidly;" F. B. Mathews, a conductor, but at the time of the accident a passenger on the westbound car, testified that when he first saw the automobile it was about a car's length from the car on which he was riding and was headed east, along side of the eastbound car and "it was still traveling east. They were having a race down Daugherty street" both together, and T. L. Bouse, the conductor on the eastbound car, in his report to the defendant of the accident, stated that he saw the automobile turn east to keep from running into his car.

Upon the testimony as above disclosed it is so clear that we would not be justified in saying that as a matter of law the plaintiff cannot recover that we deem it useless to cite authorities or further comment thereon.

Considerable is stated in the brief on the part of the defendant as to the duty which plaintiff owed to look and listen and to convey his information and suspicions to the driver of the machine and to warn and caution him, but there is no testimony in this case but that the plaintiff did all in this regard that was required of him, and, besides, the driver of the machine testified that he did all that the defendant now contends the plaintiff should have cautioned or procured him to do, so that nothing more than a question of fact is here involved and it has been resolved on substantial testimony against the defendant on its own instructions.

It is also contended that there is no proof in this case that the plaintiff knew of or relied upon the ordinance offered in evidence in its behalf limiting the speed of street cars to six miles an hour and that therefore he cannot recover in this case. To support this contention, Mockowik v. Kansas City, St. J. & C. B. R. Co., 196 Mo. 550, 571, 94 S. W. 256, and other decisions based thereon, are cited but the case at bar is a case where the view of the plaintiff was obstructed, a distinction noticed in that decision, and where the plaintiff, so far as the case now stands, was guilty of no contributory negligence. This point is not well taken.

Some further objections are urged in the brief of appellant concerning instructions but what we have already stated sufficiently disposes of those questions.

Objection is made to the sustaining of plaintiff's objection by the court to testimony of a witness in behalf of defendant as to the speed of the car, but this contention is without merit for the reason that the objection was made and sustained in two instances after

the witness had answered and the defendant did not ask that the answer be stricken out. In the other instance the objection was first sustained, no exception taken, but afterwards the witness answered the question, so these questions are without merit.

The judgment is for the right party, no fatal error is present that affects the substantial rights of defendant and it is affirmed.

*Farrington* and *Sturgis, JJ.,* concur.