C. H. ALBERS, Appellant, v. NAT L. MOFFITT et al.; MERCHANTS EXCHANGE BANK OF ST. LOUIS, Appellant.

#### Division One, December 19, 1914.

1. **APPELLATE JURISDICTION: Cross Appeals.** Where there are cross-appeals from the same judgment to a Court of Appeals, if either is transferable to the Supreme Court both are.

2. ————: **Injunction: No Damages.** An appeal by a merchants' exchange from a judgment enjoining it from expelling plaintiff from membership therein, wherein the petition does not show any legal basis for estimating the value of the injunction, is to the proper court of appeals, for it cannot be determined therefrom that any amount of money is in dispute.

3. ————: **Accounting: No Data.** A petition for an accounting, which gives no basis for a return of a definite sum of money and does not state in any way how much defendant is indebted to plaintiff, does not vest the Supreme Court with appellate jurisdiction.

Appeal from St. Louis City Circuit Court.—*Hon. O'Neil Ryan,* Judge.

TRANSFERRED TO ST. LOUIS COURT OF APPEALS.

*Barclay, Shields & Fauntleroy* for plaintiff.

*R. F. Walker, Rassieur, Schnurmacher & Rassieur, Boyle & Priest* and *T. E. Francis* for defendants.

## STATEMENT.

There were two appeals in this case, both primarily to the St. Louis Court of Appeals. One was taken by the Merchants Exchange from that portion of a decree of the trial court which enjoined it from enforcing a resolution suspending plaintiff, C. H. Albers, for a definite period from any and all privileges of the Board of Trade conducted by the Merchants Exchange. The other appeal was taken by said Albers from that portion of the same decree of the trial court which dismissed his suit as to the individual defendants. These two cross-appeals were pending in the St. Louis Court of Appeals, and one of them, that taken by the Merchants Exchange, was disposed of in Missouri Appeals, vol. 140, p. 446. The other appeal, as is shown by a file mark on the record before us, was on March 30, 1909, transferred to this court, on the motion of the respondents, for the following reason: "because the amount involved is more than forty-five hundred dollars." This latter appeal was argued and submitted in this court on the 19th day of October, 1914 (at its October Term). Other phases of this controversy have been before this court: C. H. Albers Com. Co. v. Spencer, 205 Mo. 105; *Ibid.*, 245 Mo. 368.

The substance of the petition culminating in the judgment from which these two cross-appeals were taken is that C. H. Albers, plaintiff, on behalf of the Albers Commission Company, of which he was president, entered into contract with the defendant, Moffitt, on behalf of the Commission Company, of which he was likewise president, for the sale for future delivery of certain grain, such contracts to mature and delivery to

be made before the 31st of December, 1903; that to se-
cure his engagement, about twenty thousand dollars
was put up with said purchaser as a margin; that there-
after said purchaser formed a secret agreement with
his co-defendants, Spencer & Milliken, to "forestall the
market in wheat in St. Louis," to the end that said
Spencer & Milliken should be able to dictate the price
of wheat in transactions upon the Board of Trade; that
for this purpose the grain contracts executed by plain-
tiff had been transferred to said Spencer & Milliken,
in order to assist them in their conspiracy to corner
the wheat market; that thereafter, to-wit, March, 1904,
the said Hubbard & Moffitt Commission Company re-
turned to plaintiff the sum of $1790.25, being the
amount of difference between the contract price of the
grain which plaintiff had agreed to sell them, and the
"fictitious price of 92c per bushel," which the defend-
ants (Spencer & Milliken and Hubbard & Moffitt Com-
mission Company) by means of their corner of the mar-
ket had created and fixed for the price of said grain
on and before December 31, 1903; that when this was
done, plaintiff refused to return to said Hubbard &
Moffitt the reciprocal paper memoranda evidencing the
original contracts of purchase of said grain executed
at the time by the said Moffitt & Company; that for
such refusal the defendant, Merchants Exchange,
passed a resolution suspending him from the privileges
of membership in that body; that said resolution was
invalid. The prayer of plaintiff's petition is to-wit:

"Wherefore, the premises considered, plaintiff
prays the court to enjoin and restrain said Merchants
Exchange of St. Louis from further enforcing said res-
olution or order of suspension of plaintiff and that
said order or resolution be cancelled and decreed to be
void, and that the said contracts between the C. H.
Albers Commission Company and the Hubbard & Mof-
fitt Commission Company be cancelled and declared
void, and that said plaintiff *have accounting of dam-*

*ages sutained by him* in this behalf (so far as the same may be ascertained), including therein damages for the oppressive, fraudulent and unlawful and wrongful acts aforesaid of said defendants and each of them, and that plaintiff recover *such damages* aforesaid as may be so found to be *justly due to him* by each of said defendants respectively, and have such other and further relief as may be just, and that plaintiff have a temporary restraining order to the effect first above prayed, pending the litigation and until the further order of this court, upon such terms as may be just and equitable.''

All the defendants named in this petition were made parties by personal service. The defendant, Merchants Exchange, duly answered. The other defendants, not having answered within a year after said service, a default was taken against them. The case came on for trial upon the petition, the default, the answer of the Merchants Exchange, the evidence taken and an agreement as to certain facts, whereupon the trial court decreed a temporary injunction hitherto awarded by him against the Merchants Exchange to be perpetual, and found in favor of the defaulting defendants on the other issues presented by the petition and dismissed plaintiff's petition as to them. Whereafter, the two cross-appeals were taken as above stated.

## OPINION.

### I.

BOND, J. (After stating the facts as above).— After a careful consideration of the record and briefs and hearing the oral argument in this case, we have reached the conclusion that no jurisdiction of this appeal was vested in us by the order of the St. Louis Court of Appeals transferring this cause upon the assumption that it involved ''an amount in dispute'' beyond the jurisdiction of that court. At that time the pecuniary limit of the jurisdiction of that court was

forty-five hundred dollars. At the time the cause was submitted in this court, the pecuniary limit of the jurisdiction of that court had been raised to seventy-five hundred dollars, exclusive of cost. The question to be determined by us in ascertaining our jurisdiction is whether or not at the time of the submission of this cause the "amount in dispute" therein exceeded seventy-five hundred dollars. Before dealing with that question, it is well to say that doubtless the St. Louis Court of Appeals would not have transferred a *parcel* of this case presented by the cross-appeal of plaintiff from the same judgment from which the Merchants Exchange had also taken an appeal to that court, if its attention had been called to the pendency of the two cross-appeals, for in that event if one was transferable the other should also have been transferred at the same time.  [Keller v. Summers, 262 Mo. 324.]

We think it clear, however, that neither of the appeals taken in this cause presented any question of amount which debarred the St. Louis Court of Appeals from taking cognizance of them when said appeals were duly lodged therein.

First: The appeal from an adverse ruling of the injunctive "prong" of this case which the Merchants Exchange took to the St. Louis Court of Appeals, clearly did not present any amount in dispute whatever, for the petition did not show any "legal basis for estimating the value of the injunction." In such cases we have recently ruled after review of the authorities that an appeal must be taken to the proper Court of Appeals.  [Foundry & Mfg. Co. v. Moulders' Union, 251 Mo. 448.]

Second: As to so much of plaintiff's petition as prayed for an *accounting* against the individual defendants, and for a cancellation of the selling contracts executed to them by plaintiff, there is nothing in the petition or in the record which discloses that plaintiff sought to recover any definite sum whatever. The pe-

tition wholly fails to state what was the market value of the grain contracted to be sold at the time of the maturity of the contracts. It does allege that 92c per bushel was an extortionate and fictitious value, but it fails to show to what extent it was in excess of the real or market value of the product at that time. Hence, it presents no data whatever for estimating the amount which might be due plaintiff if it were adjudged that he should only be liable for the market value of the grain for non-delivery. There is no more definiteness or certainty on this point than if the petition had prayed in general terms for an accounting on the part of defendants without stating in any way how much they were indebted to him, and in effect that is what it did. For aught that appears in the petition, or in the record, it may turn out upon an accounting that defendants were not indebted to plaintiff in any substantial sum. In a case handed down at the last opinion day a similar question was presented, and after a careful review of the authorities and a full analysis of the petition and record in that case there were found no basis or facts from which the court, with reasonable certainty, could arrive at the conclusion that more than $7500 was involved, and the cause was therefore remanded to the St. Louis Court of Appeals. [Bowles v. Troll, 262 Mo. 377.]

In the case at bar, the only dispute can be as to whether or not the plaintiff is entitled to a return of a greater part of the amount advanced by him as margins (about $20,000) than was voluntarily repaid to him. He has furnished us no estimate or allegation of what additional sum he thinks should be returned, nor is there in the record any basis for a necessary deduction that a larger amount than $7500 is claimed or would be awarded to the plaintiff on an accounting in this cause.

For the foregoing reasons, it is apparent that no jurisdiction was vested in this court by the act of the

St. Louis Court of Appeals in transferring this cross-appeal.

The case is, therefore, re-transferred to the St. Louis Court of Appeals. It is so ordered. All concur.