GARY REALTY COMPANY v. E. P. KELLY et al.; H. H. TAMMEN, and F. G. BONFILS, Appellants.

Division Two, September 15, 1920.

1. **APPELLATE JURISDICTION**: Amount Involved: Value of Relief in Money: Incidental Rights Affected. To determine the amount in dispute, for the purpose of determining appellate jurisdiction, the facts must be ascertained from the entire record. Where relief other than a money judgment is sought by the proceeding, the value of the right necessarily involved, estimated in money, is the measure of appellate jurisdiction; and the amount involved must be determined by the value in money of the relief to the plaintiff, or of the loss to the defendant, should the relief prayed be granted, or *vice versa*, should the relief be denied. And it is the value of the right determined in the Supreme Court that settles the question of appellate jurisdiction, and not the rights which may be incidentally affected by a determination of the case.

2. ———: ———: Forcible Entry and Detainer: Motion to Quash Execution: Rights of Movents. Plaintiff brought suit for forcible entry and detainer, and recovered judgment for $2000 damages and $650 monthly rents, both of which were doubled, and on appeal the

judgment was affirmed. Thereafter execution was issued for the accrued damages, which at the time, including rents and profits, amounted to $32,829.29, the writ also commanding the sheriff to deliver possession to plaintiffs. Thereupon, movents, who were not parties to the action or judgment, filed a motion in the circuit court to quash that part of the execution awarding possession to plaintiff, leaving the part for the money judgment unaffected, and alleging that they are the owners of the property and the holders of the lease upon it, and said motion being overruled they appealed to the Supreme Court. After the case reached the Supreme Court respondents filed a motion to compel movents to give a new *supersedeas* bond, on the ground that the appeal bond did not comply with the statutes. The Supreme Court sustained the motion, but appellants (movents) failed to comply with the order, and plaintiff was put in possession under an *alias* writ of restitution, thus being deprived of possession for six months and six days. *Held*, that the amount in dispute is not double the amount of rents adjudged in the forcible entry and detainer suit, nor is it the value of the possession from the time the appeal was taken from the overruling of the motion to quash until the property of that ruling is determined in the appellate court, but is the actual value of the possession during the six months and six days movents were in possession, which, being less than $1000 per month, as shown by the evidence taken in support of the motion to quash, does not amount to $7500, and the Supreme Court has no jurisdiction.

3. ————: ————: ————: ————: **Plaintiff's Loss.** Where plaintiff in forcible entry and detainer has recovered a right to possession and double the amount of damages and the monthly value of the rents, and a third party files a motion to quash only that part of the execution commanding the sheriff to restore possession to plaintiff, and as a result of said motion plaintiff loses possession for a time, his right to collect the rents from the defendants is not impaired, and the loss he has sustained at the hands of the movents is the value of the actual possession during the time he was deprived of the same.

Appeal from Jackson Circuit Court.—*Hon. Willard P. Hall,* Judge.

TRANSFERRED TO KANSAS CITY COURT OF APPEALS.

*Frank M. Lowe* for movents and appellants.

To argue that the original judgment or double rent can be disposed of in this proceeding and made to give

this court jurisdiction, is too ridiculous to discuss. We cite a few cases, not that the court is not familiar with the rule, but that it may have them at hand in this connection. Keleher v. Johnson, 199 S. W. 935; Keleher & Little v. Henderson, 203 Mo. 498; Vanderberg v. Kansas City Gas Co., 97 S. W. 908.

*Coopes, Neel & Wright* for respondent.

(1) This being an action in unlawful detainer and the motion to quash being directed only to the possessory part of the execution, the amount in controversy on the question of this court's jurisdiction is clearly the value of the possession of the premises in controversy. Such value is the rental value since only possession and not the title to the property is involved in this action. The only questions are: what is the value of the possession and for what period of time is this value to be estimated in determining this court's jurisdiction? The motion of appellants seeks to stay enforcement of the judgment by execution issued August 4, 1919, and the motion was filed on the same day. Upon the overruling of this motion by trial court, appellants secured an order staying the execution by appealing to this court and furnishing a *supersedeas* bond. Such action kept complainant from getting possession until February 12, 1920, when a new writ of execution was issued upon appellants' failure to furnish a new *supersedeas* bond required by order of this court upon respondent's motion. So, clearly, the decision of this court on this appeal will determine whether appellants are liable to respondent for continuing to withhold possession of the premises in controversy from respondent from August 4, 1919 to February 12, 1920. The decision will also determine on the other hand whether respondent was entitled to such possession on February 12, 1920, and if not, then appellants were entitled to continue in possession; this appeal, therefore, will also decide the ques-

tion of respondent's liability to appellants for the value of the possession from February 12, 1920, up to the time of the determination of this appeal. The two periods of time aforesaid from August 4, 1919, to February 12, 1920, and from February 12, 1920, to the time of the final determination of this appeal will cover, according to our estimate, some ten months. Evidence was offered in the trial court to show the monthly rental value of the premises at the time of the hearing on appellants' motion to quash the execution and disclosed same to be $1,000 per month. The value of the possession at the rate of $1,000 per month for ten months is $10,000. (2) But appellants are liable to respondent for double such monthly rental value, for this court held on the previous appeal that the lease, under which appellants claim, was terminated July 2, 1915, and that respondent has since been entitled to the possession. It follows that appellants have wrongfully been withholding possession from respondent, and even if appellants prevail on this appeal that decision will not operate to revive a dead lease, but would only have the effect of requiring us to start all over again in our suit to recover possession of respondent's property. Since appellants are wrongfully withholding respondent's possession after demand by execution at the hands of the sheriff, they are liable during all the time of their detention, including the said period from August 4, 1919, to February 12, 1920, to respondent for double the monthly rental value. Sec. 7879, R. S. 1909. And appellants' liability in this sort of a proceeding, in which they have intervened and filed a bond, is also doubled by operation of Section 7674 and 7675. So, applying these statutes of double liability, we estimate the amount involved at not less than $20,000, and if allowance of further time for final determination of this appeal by reason of possible motion for rehearing and to transfer to Court in Banc, such as were filed on the previous appeal, is made, then the total amount involved might reach $22,000 or $24,000. In fixing the

amount of the new *supersedeas* bond required of appellants by this court by order made on December 22, 1919, evidently a similar basis of calculation was employed, as the court required the bond to be in the sum of $25,000. (3) But even a larger amount in value is really involved on this appeal. · For the effect of sustaining appellants' motion to quash would be to render ineffective the judgment for damages secured by respondent in this action, March 18, 1916. That judgment was in favor of respondent awarding possession of premises in controversy, together with accrued damages to date of judgment in the sum of $4000 and at the rate of $1300 per month thereafter, so long as defendants· continued to withhold possession, the trial court fixing the monthly rental value of the property at $650. At the time of the issuance of execution on August 4, 1919, there was an unpaid balance to respondent on this judgment of $32,829.91, as shown by the writ of execution · set forth in the record. Interest and costs have accrued thereon since said date, August 4, 1919. Our point is that the effect of sustaining this motion would be to hold the judgment unenforcible as a money judgment as well as a judgment for restitution of possession. So we contend this situation increases the amount in controversy by some $35,000 or to a total figure of over $55,000.

WHITE, C.—The appeal in this case is from an order of the circuit court overruling a motion to quash a writ of restitution.

The plaintiff brought suit before a justice of the peace in Jackson County, in unlawful retainer, against the defendants E. P. Kelly, W. LeDoux, A. LeMarquand and Paul LeMarquand; the case was certified to the Circuit Court of Jackson County, where, March 18, 1916, judgment was entered in favor of the plaintiff against said defendants, awarding possession of certain premises in Kansas City, assessing damages for the unlawful detention of the property at $2,000, and the monthly rents

and profits at $650, which were doubled by an order of the
court and judgment rendered for $4,000 damages, and
$1300 per month for rents and profits until the resti-
tution of the premises. The case was appealed to this
court where the judgment of the circuit court was af-
firmed. [Gary Realty Co. v. Kelly, 214 S. W. 92.] After
affirmance of the judgment, August 6, 1919, execution
was issued for the amount of the damages and costs then
accrued, commanding the sheriff to deliver possession to
the plaintiff. The amount of damages accrued at the
time, including rents and profits up to the date of the is-
suance of the execution, and doubled in accordance with
the terms of the judgment, was $32,829.29.

On August 7, 1919, G. F. Bonfils and Henry G.
Tammen, not parties to the suit or the judgment, filed
in the circuit court a motion to quash that part of the
execution awarding possession to the plaintiff, leaving
the execution for the money judgment against the defend-
ants unaffected. This motion was presented under Sec-
tion 2244, Revised Statutes 1909, which provides that any
person "against whose property any execution or order
of sale shall be issued" may apply to the circuit court
for the purpose of having the same quashed. The motion
sets up certain alleged irregularities in the *certiorari*
proceeding, whereby the cause reached the circuit court
from the justice of the peace, and alleges, among other
things, that the movents are the owners of the property
and the holders of the lease upon it.

The motion thus filed by Tammen and Bonfils, on
the second day of September, 1919, was overruled, and
the same day the movents filed their application and af-
fidavit for appeal and their appeal was granted to the
Supreme Court.

After the cause reached this court, a motion was
filed therein by the respondents, November 24, 1919, to
require the appellants to give a new *supersedeas* bond on
the ground that the appeal bond given did not comply
with Sections 7711 and 7728, Revised Statutes 1909. This

court sustained the motion, but the appellants, movents, failed to comply with the order and the plaintiffs were put in possession of the premises February 12, 1920, six months and six days after the execution was issued.

The appellants then filed a motion in this court to transfer the cause to the Kansas City Court of Appeals on the ground that this court is without jurisdiction, and that motion must now be considered.

I. The title to real estate is not involved and the only question, to be determined in settling the matter of jurisdiction is the money value of the property in issue. If the amount involved exceeds in value seven thousand five hundred dollars (7,500) then this court has jurisdiction; otherwise, not. To determine the amount in dispute we must ascertain the facts from the entire record. [Keleher v. Johnson, 272 Mo. 699, l. c. 701; State ex rel. v. Ellison, 272 Mo. 571, l. c. 580; State ex rel v. Reynolds, 245 Mo. 704; Wilson v. Drainage & Levee District, 237 Mo. l. c. 40; Bridge Co. v. Transit Co., 205 Mo. l. c. 179-80; Vanderberg v. Gas Co., 199 Mo. l. c. 459; Kitchell v. Ry. Co., 146 Mo. l. c. 457.]

*Appellate Jurisdiction.*

"Where relief is sought other than in the recovery of a money judgment, the value of the right necessarily involved, estimate in money, will constitute the measure of jurisdiction." [State ex rel. v. Reynolds, 275 Mo. 113, l. c. 121.] As otherwise stated in Gast Bank Note Co. v. Fennimore Assn., 147 Mo. l. c. 559, " 'the amount involved must be determined by the value in money of the relief to the plaintiff, or of the loss to the defendant, should the relief prayed be granted, or *vice versa,* should the relief be denied.' " This statement of the rule is repeated in several cases. [State ex rel. v. Reynolds, 256 Mo. l. c. 718; McCoy v. Randall, 222 Mo. l. c. 34; Clothing Co. v. Watson, 168 Mo. l. c. 143; Fred A. H. Garlichs Co. v. Anderson, 284 Mo. 200.]

II. It is claimed by respondent that the money value involved, as affected by the ruling on the motion, is much more than the value of the premises during the period of six months and six days, when the plaintiffs were kept out of possession, from the time the execution was issued until possession was delivered. They assert that a ruling on the motion will determine the right of possession of the property, and the value of that possession must be ascertained, not only during the period mentioned, but extending afterwards, at least until a final determination of the cause in this court. If the action of the trial court were reversed the ruling would not restore the movents to the possession which they lost February 12, 1920. If they should resort to another action to recover possession, the amount involved in such *other action* would determine the jurisdiction of the court to which an appeal would lie *then;* that amount is not involved in this proceeding. On the other hand, if the judgment of the circuit court overruling the motion should be affirmed, the time of possession affected by the result would be merely the period during which the plaintiff was kept out of it; the ruling would determine that the movents were in possession six months and six days when they had no right. It would not affect subsequent actual possession. The ruling might, in a subsequent suit, be *res adjudicata* as to the right of possession, but the direct loss or gain to plaintiff by the ruling would involve only the possession during that period. It is the amount determined in *this suit* that settles the jurisdiction and not the right which may be incidentally affected.

*Value of Possession.* [margin note]

III. "The amount in dispute" then must be found in ascertaining the value of the possession of the premises during the period of six months and six days in which the plaintiffs were deprived of possession by the motion (it seems to be conceded that the effect of the motion was to keep the plaintiffs out of possession during that period). Respondent asserts that inasmuch as the

*Double Damages.* [margin note]

judgment on which the execution was issued awarded doubled damages and doubled rents and profits, the judgment settled the amounts of its loss of the possession during that period.

If the respondent is correct in that, then this court has jurisdiction, because the amount would be in excess of $7,500. If the actual value of the possession of the premises during the period is to be taken as the amount in dispute, then this court has no jurisdiction. The judgment found the value of the rents and profits at six hundred and fifty dollars a month, and evidence taken at the time of the appeal for the purpose of determining jurisdiction did not show the monthly value to exceed one thousand dollars.

It will be remembered that the movents here were not parties to the original judgment. The execution was not issued against them. If their motion had been sustained, it would not have affected the liability of the original defendants in the execution. According to the statement in respondent's brief a new execution was issued on the twelfth day of February and possession delivered to plaintiff under it. This new execution is not set out in the record; presumably it is an *alias* in accordance with the requirements of the statute. So far as this record shows, the plaintiff may have recovered under that execution against the original defendants, the entire doubled damages, rents and profits up to the time possession was delivered. The plaintiff was not prevented by the motion from leveying its execution for the full amount; it was prevented from getting possession. When it was deprived of possession during six months and six days what did it lose? Not the doubled rental value of the possession, but the *actual possession*. The penalty of doubled damages, which is attached as an incident to being deprived of possession did not accrue to plaintiff because it was damaged in that amount, but because by the judgment *defendants* had violated the law and incurred the penalty thus inflicted. The execution,

if not already collected, may still be collected of the defendants, not the movents, in double the rental value.

The amount involved in this case is not sufficient to bring it within the jurisdiction of this court, and the case is therefore transferred to the Kansas City Court of Appeals. *Railey* and *Mozley, CC.,* concur.

PER CURIAM:—The foregoing opinion by WHITE, C., is adopted as the opinion of the court. All of the judges concur, except *Williamson, J.,* not sitting.