VIRGIL CAMBEST et al. v. McCOMAS HYDRO ELEC-TRIC COMPANY, Appellant.

Division One, March 14, 1922.

1. **APPELLATE JURISDICTION**: Injunction: Amount in Dispute. In a suit to enjoin the maintenance of a dam across a navigable river, where the judgment, awarding a permanent injunction against maintaining the dam above a certain height and requiring the removal of the excess above that height, is silent with respect to the value of the relief awarded and the damage resulting to defendant, and there is nothing in the pleadings, evidence or judgment upon which a conclusion can be predicated that the amount in dispute exceeds the jurisdiction of the Court of Appeals, the Supreme Court has no jurisdiction of an appeal from such judgment and will retransfer the case to the Court of Appeals.

2. ———: ———: ———: **How Shown.** Where upon the pleadings, evidence and judgment in the trial court in an injunction suit there is nothing to show that the value of the relief awarded or the amount of the damages thereby resulting to defendant exceeds the jurisdiction of the Court of Appeals, such jurisdiction cannot be ousted and conferred upon the Supreme Court, by defendant setting up, in the application for an appeal and in affidavits in support thereof, that such damages would exceed the jurisdiction of the Court of Appeals.

Appeal from Buchanan Circuit Court.—*Hon. Lawrence A. Vories,* Judge.

RETRANSFERRED TO KANSAS CITY COURT OF APPEALS.

*John E. Dolman* and *Sam Wilcox* for appellant.

The trial court erred in refusing an appeal to the Supreme Court. Bingaman v. Hannah, 171 Mo. App. 186; Null v. Howell, 40 Mo. App. 329; Musick v. Railroad, 43 Mo. App. 326; State v. Dennisse, 41 Mo. App. 22; In re Opening Essex Avenue, 44 Mo. App. 288; Boche v. Hammett, 61 Mo. App. 457.

*Strop & Mayer* and *Graham & Silverman* for respondent.

(1) The Supreme Court has no jurisdiction of this appeal. Appellant cannot confer jurisdiction upon that court by statements contained in its affidavit for appeal. State ex rel. v. Reynolds, 256 Mo. 710; Tobacco Co. v. Rombauer, 113 Mo. 439; State ex rel. v. Gill, 107 Mo. 44. (2) In order to give the Supreme Court jurisdiction it is necessary that the proceedings upon the trial of the case show the facts from which the jurisdiction of that court may be ascertained. Neither the petition, evidence nor judgment in this case show the value to respondents of the relief awarded nor the expense to appellant of complying with the decree. Under such facts the Supreme Court will decline jurisdiction. Albers v. Moffitt, 262 Mo. 645; Gast Bank Note & Lith. Co. v. Fennimore Assn., 147 Mo. 557; Bowles v. Troll, 262 Mo. 377; Foundry & Mfg. Co. v. Moulders Union, 251 Mo. 448; Clothing Co. v. Watson, 168 Mo. 142; Heman v. Wade, 63 Mo. App. 365.

ELDER, J.—This is an injunction proceeding brought to restrain defendant from maintaining a dam fifteen and one-half feet in height across the Platte river. Plaintiffs are the owners of land in Buchanan and Platte counties abutting upon and in the immediate vicinity of the said river.

The petition alleges that the Platte river is a navigable stream; that defendant has wrongfully and unlawfully dammed, hindered and obstructed the waters thereof and has constructed and is maintaining across said

river a dam substantial and permanent character, extending from shore to shore; that in the year 1847 a dam was constructed across said river at the place where defendant has its present dam, by one Archibald Woods and others under authority of an act of the Legislature of the State of Missouri enacted in 1845, but that for many years prior to the erection by defendant of the dam in controversy the Woods dam had fallen into decay, had been abandoned, and no longer operated to hold back the waters of the said river; that in the year 1914 defendant, without warrant or authority of law, entered into the waters of said river and constructed its present dam at approximately the location of the former dam but to a much greater height; that the said dam so constructed has rendered the navigation of said river impossible, has caused it to leave its banks and overflow the land of plaintiffs, and has inundated the roads and highways in the vicinity so as to render them impassable; that by reason of the overflow of said river the lands of plaintiffs have become wet and marshy and their value has been depreciated; that the waters so overflowing have congregated into pools and ponds and become foul smelling and breeding places for mosquitoes and insects and a menace to the health of plaintiffs and their tenants. The prayer of the petition is that defendant be enjoined and restrained from longer maintaining said dam and that it be required to remove the same, or, in the event the court should find that defendant is entitled to maintain the same to the height to which the dam constructed under the act of 1845 was erected, that the defendant be then required to remove all portions extending above the height of the former dam.

The answer of defendant, in addition to a general denial, pleads the act of 1845, asserts that defendant has acquired the right, title and interest of Woods and others under said act, and alleges that by the terms of said act it is provided that any person injured as a result of the erection of the dam therein contemplated is confined to applying to the Circuit Court of Platte County for a writ

of *ad quod damnum*. The answer further alleges that in 1914 defendant reconstructed said dam and constructed a large hydro-electric power plant, at an expense, of $100,000, for the purpose of furnishing electric light and power to the people of Platte County, and has, since January 1, 1916, been operating said plant; that none of plaintiffs have ever protested against the reconstruction of said dam or the power plant, or ever claimed that the dam was injurious until long after the same had been completed and defendant had expended said large sum of money, and that plaintiffs are now estopped by their laches; and that whatever consent was necessary to be obtained from the United States Government relative to the maintenance of said dam was duly obtained prior to the reconstruction thereof.

The reply was a general denial.

Upon a trial of the case before the Circuit Court of Buchanan County, the court found that defendant was maintaining a dam fifteen feet and six inches in height entirely across the Platte river; that the same constituted a public nuisance, that plaintiffs had suffered special and irreparable injury and damage therefrom, and that as to plaintiffs the said dam had become a private nuisance as well as a public one; and that defendant was entitled to have and maintain a dam where the dam constructed by defendant is located, to a height of eight feet and no more. The judgment of the court was that defendant be perpetually enjoined from continuing and maintaining the dam owned by it to the height of fifteen feet six inches; that it abate, remove, pull down and destroy seven feet six inches off of the top of said dam, extending entirely across the length thereof, so that said dam after said abatement shall be seven feet six inches less in height than the same is as now constructed and maintained; and that if defendant fails, within thirty days, to remove and destroy such part of its dam, then the Sheriff of Platte County shall carry into effect

that part of the decree of the court, the cost of abatement to be taxed as costs against defendant.

From the judgment thus rendered the defendant applied for an appeal to this court, setting forth in its application the following reasons, to-wit:

"First.   That the dam in question cost about $25,000, and to reduce its height to eight feet as required by the decree of the court would entirely destroy its usefulness and render it of no value to the defendant.

"Second.   That in order to continue the operation of the plant, if the decree of the court is enforced, would require the construction of a new powerhouse on the line of a railroad where coal could be obtained with which electricity could be generated by steam power, and would require the expenditure of about fifty thousand dollars ($50,000)."

In support of said application defendant filed the affidavit of its president stating that "to enforce the decree of the court herein would result in the destruction of defendant's power plant and a practical loss of its investment therein."

The court refused defendant an appeal to this court but granted an appeal to the Kansas City Court of Appeals.   That court, being of the opinion that the amount in dispute exceeds the sum of seven thousand five hundred dollars, and that it was without jurisdiction, transferred the cause to this court.   The question of jurisdiction being presented, we shall therefore, before proceeding further, give attention to that inquiry.

I.   In ascertaining our jurisdiction the question to be determined is whether or not at the time of submission of the cause in the Circuit Court the amount in dispute exceeded the sum of seven thousand five hundred dollars.

The petition contains no intimation of the damages which might be sustained by plaintiffs if defendant is not restrained.   The prayer is largely for injunctive relief, with no allegation as to the value thereof to plain-

tiffs. The answer does not allege any amount which will be suffered as a loss by defendant if the re-
Injunction: lief be granted. A careful security of the evi-
Amount in
Dispute. dence adduced reveals no estimate of the expense to which defendant would be put in complying with the decree, nor does it in any way disclose the loss which defendant would suffer as a result of such compliance. The only evidence bearing upon the investment of defendant is the testimony of Mr. Hillix, its president, who stated that the expense incurred in the construction of the dam and power house was "about ninety thousand dollars." The judgment rendered is silent with respect to either the value of the relief awarded or the damage resulting to defendant. There is nothing in the pleadings, evidence or judgment upon which a conclusion can be predicated that the amount in dispute exceeds the jurisdiction of the Court of Appeals. It is not for courts to indulge in conjectures. And here it is not for us to enter upon a field of calculation, with nothing tangible to serve as a basis of computation. As held in Kitchell v. Railway Company, 146 Mo. 455, l. c. 457, and in State ex rel. King v. Gill, 107 Mo. 44, it must affirmatively appear from the record, in order to authorize us to hear and determine an appeal, that the amount in dispute, exclusive of costs, exceeds the sum cognizable by the Court of Appeals. As said in Tinsley Tobacco Co. v. Rombauer, 113 Mo. l. c. 439:

"On the state of the record in the court of first instance depends the question as to which one of the two courts of appeal, the supreme or the appellate court, should have jurisdiction. Hence parties must see to it in the trial court that the full showing they wish to rely upon in that regard in the future course of the case, is made."

And, as said in Marx & Haas Jeans Clothing Company v. Watson, 168 Mo. 133, l. c. 143, "the test is the value in money of the relief afforded plaintiff should the relief prayed for be granted, or *vice versa*, should the relief be denied." To the same effect is the ruling

in Gast Bank Note Co. v. Fennimore Assn., 147 Mo. 557. See also Albers v. Moffitt, 262 Mo. 645, bearing upon the question of appellate jurisdiction in an injunction proceeding.

Nor can the allegations of damage to defendant, as set forth in the application of defendant for an appeal to this court, and in the affidavit in support thereof, both of which were filed subsequent to the rendition of judgment, be of any aid in determining the question of jurisdiction, for it has been well settled that the jurisdiction of the Court of Appeals cannot be ousted by an uncontradicted affidavit. [State ex rel. Union E. L. & P. Co. v. Reynolds, 256 Mo. 710; Tinsley Tobacco Co. v. Rombauer, 113 Mo. 435, l. c. 439.] As said in the Union Electric Light & Power Company Case, supra, l. c. 717: "It would be a dangerous practice to have our jurisdiction shifted from one court to another on mere affidavit."

We have no desire to shirk jurisdiction. But before we assume it we must be satisfied that it is rightfully ours. A full analysis of the pleadings, a painstaking examination of the record, and a careful review of the authorities, leads us to conclude that there is not here present any basis of facts sufficient to justify our assumption of jurisdiction.

Let the cause therefore be retransferred to the Kansas City Court of Appeals. It is so ordered. All concur, except *James T. Blair, J.,* not sitting.