Joe Dan Market v. Louis H. Wentz et al., Appellants.—13 S. W. (2d) 641.

Division One, February 1, 1929.

944

*Anderson & Whittington* for appellants.

*Albert E. Hausman* for respondent.

SEDDON, C.—This is a suit in equity, wherein the plaintiff (respondent here), an incorporated entity engaged in the business of operating a retail meat market and grocery, seeks to perpetually and permanently enjoin the defendants from picketing plaintiff's store and place of business at 4113 Easton avenue in the city of St. Louis. The defendants are a local division, or unit, of a trade union, denominated Local No. 88, Amalgamated Meat Cutters and Butcher Workmen of North America, which is alleged in the petition to be a voluntary and unincorporated organization or association of meat cutters and butchers, and three named individuals, who are alleged to be officers and members of the said organization or association. The petition prays that the said defendants, together with their agents, associates, employees and confederates, be restrained and enjoined "from in any way picketing plaintiff's place of business or the premises No. 4113 Easton Avenue, St. Louis, or from picketing the adjoining or adjacent premises, or from interfering in any way with the ingress to or egress from said premises by plaintiff's customers; or from in any way harassing or intimidating plaintiff's customers or those who desire to supply plaintiff or its employees with any goods, merchandise, material or supplies; or from calling out to plaintiff's customers that plaintiff is unfair to union labor, or from following plaintiff's customers to their respective homes or places of business and warning them not to trade with plaintiff under penalty of having their places of business picketed; or from walking to and fro on the sidewalk in front of, or adjacent, or adjoining 4113 Easton Avenue, St. Louis, Missouri, carrying umbrellas with signs painted thereon, or other signs, warning or advising or requesting the public not to patronize plaintiff because it is unfair to union labor; or from passing out handbills, or from pushing or shoving handbills under the doors of houses, buildings or residences in the neighborhood of 4113 Easton Avenue, advising or requesting the public not to patronize plaintiff because it is unfair to union labor; or from in any other way or manner picketing plaintiff's place of business or interfering with its business, and that the court will grant all other and further relief to plaintiff to which it is in equity entitled."

Summons was issued for the several defendants, together with an order of the circuit court commanding that the defendants appear on a certain date and show cause, if any they have, why a temporary injunction should not be granted in accordance with the prayer of the petition. The writ of summons, accompanied by a copy of the court's order to show cause, was duly served upon the three in-

dividual defendants, and service was had upon the alleged unincorporated association, or trade union, "by delivering a copy of the writ, as furnished by the Clerk of said Circuit Court, to Louis H. Wentz of the said defendant unincorporated association, he being in said defendant's usual business office and in charge thereof." The officer's return of said writ further recited that "the president or other chief officer of said defendant could not be found in the city of St. Louis at the time of service."

The three individual defendants filed a joint answer, which, because of its length and verbosity, we find it unnecessary to set out herein *in haec verba*, or to state its substance, except to say that such answer does not invoke the aid or protection of either the Federal, or the State, Constitution, or aver that any constitutional right or privilege of the individual defendants will be violated or infringed in case the relief prayed in the petition be granted to plaintiff.

The defendant unincorporated association, or trade union, appearing specially for such purpose, filed a motion to quash the order of the circuit court commanding said defendant to show cause why a temporary injunction should not issue against said defendant, upon the grounds that said defendant is not suable in any court of this State and that the said circuit court had no jurisdiction over the said defendant, or to enter any judgment or order of any nature whatsoever against said defendant; and the motion to quash furthermore raised the question of the constitutionality of an act of the General Assembly approved on March 23, 1915 (Laws 1915, p. 225), the same now being Section 1186, Revised Statutes of Missouri 1919, claiming that such act is violative of certain sections of the Constitution of this State, and also of certain sections of the Federal Constitution. The said motion to quash the order to show cause was overruled by the circuit court, but the record discloses that the motion is not set forth in the bill of exceptions herein, and no exceptions to the court's ruling and action upon such motion are shown to have been taken at the time, and thereafter preserved and saved by bill of exceptions filed as a part of the record in the cause. Some time after the overruling of said motion to quash the order to show cause, the action came on for trial upon the merits in the circuit court, whereupon the following colloquy occurred between the court and counsel for the defendant trade union:

"MR. ANDERSON: I desire the record to show at this time that a default was asked and the court indicated that the plaintiff was entitled to take a default as against the defendant union, and on the court's statement to that effect counsel for the other defendants entered the appearance of the defendant union and asked leave to file a general denial.

"THE COURT: If you have any objection to doing it, I will deny your request, and you need not file any answer, but I will proceed

to give the default. You cannot put me in the hole by saying that the court has indicated that the plaintiff is entitled to default. You are under no compulsion. You are asking me to do something, and if you want it I will grant it, but do not tie it up with conditions because the court indicated it was time for default. Do you want to file an answer?

"MR. ANDERSON: Yes, if leave is granted, I will file a general denial."

Thereupon an answer, consisting only of a general denial of the allegations of the petition, was filed by the defendant, Amalgamated Meat Cutters and Butcher Workmen of North America, Local No. 88.

At the conclusion of the trial, at which evidence bearing wholly upon the merits was offered by the respective parties and received by the court, the trial court entered a decree and judgment permanently enjoining and restraining each and all of the defendants, and their agents, associates and employees, together with all the officers and members of the defendant trade union, "from picketing or walking to and fro on the sidewalk in front of or adjacent to the plaintiff's place of business or premises, 4113 Easton Avenue, St. Louis, Missouri, and the premises adjoining or adjacent thereto, in such manner as to interfere in any way with the ingress to or egress from said premises of the plaintiff by plaintiff's customers; and from in any way harrassing, intimidating, coercing or interfering with the plaintiff's customers or persons desiring to supply plaintiff or its employees with any goods, merchandise or supplies; and from calling out to plaintiff's customers entering, or about to enter, or leaving, plaintiff's said place of business, that the plaintiff is unfair to union labor; and from following the plaintiff's customers from its said place of business to their respective homes or places of business and warning them not to patronize the plaintiff under penalty of having their own places of business so picketed; and from carrying umbrellas with signs painted thereon, or other signs, or distributing hand-bills in front of the plaintiff's said place of business and said adjoining or adjacent premises, warning or requesting the public not to patronize plaintiff because plaintiff is unfair to union labor, and that defendants pay the costs of this proceeding and execution issue therefor."

In due time, the defendants filed their joint motion for a new trial, which motion invokes certain sections of the State, and of the Federal, Constitution, as guaranteeing to the defendants certain rights and privileges, which defendants aver are violated and infringed by the decree and judgment of the trial court herein. The motion for a new trial being overruled by the circuit court, the defendants were allowed an appeal to this court from the decree and judgment so entered.

At the threshold of our consideration of the instant case, we are met with the claim and insistence of respondent that this court has no jurisdiction of this appeal. We have made a close and thorough examination of the record herein, and we are unable to ascertain and determine therefrom the pecuniary amount in dispute. In actions (such as this) seeking only injunctive or other purely equitable relief, or wherein relief other than a money judgment is sought, and wherein the jurisdiction of this court over the appeal is dependent wholly upon the ground that the amount in dispute exceeds the sum of $7500, which is the minimum of our pecuniary jurisdiction, we have repeatedly held that "the amount involved must be determined by the value in money of the relief to the plaintiff, or of the loss to the defendant, should the relief be granted, or *vice versa*, should the relief be denied." [Gast Bank Note & Lithograph Co. v. Fennimore Assn., 147 Mo. 557, 49 S. W. 511; Kitchell v. Railway Co., 146 Mo. 455, 48 S. W. 448; Gary Realty Co. v. Kelly, 284 Mo. 418, 224 S. W. 410; Cambest v. Hydro Electric Co., 292 Mo. 570, 239 S. W. 477; Handlan v. Stifel, 219 S. W. 616; State ex rel. v. Mid-State Serum Co., 264 S. W. 878; Aufderheide v. Ice & Fuel Co., 4 S. W. (2d) 776; City of St. Joseph v. Georgetown Lodge, 8 S. W. (2d) 979.] Otherwise expressed, the established rule of this court in such cases is that, "where relief is sought other than in the recovery of a money judgment, *the value of the right necessarily involved,* estimated in money, will constitute the measure of (our) jurisdiction." [State ex rel. v. Reynolds (en banc), 275 Mo. 113, 204 S. W. 1093; Gary Realty Co. v. Kelly, 284 Mo. 418, 224 S. W. 410; In re Wilson's Estate, 8 S. W. (2d) 973.] If, therefore, it cannot be clearly and certainly ascertained from the record in any such case that the pecuniary value of the right necessarily involved exceeds the sum of $7500, this court is precluded from assuming jurisdiction of the appeal, unless the record in such case discloses that this court has jurisdiction of the appeal by reason of another of the several prerequisites of our jurisdiction prescribed by Article VI, Section 12, of the state Constitution. There is nothing in the pleadings, evidence or judgment herein upon which a conclusion can be predicated that the amount in dispute exceeds $7500, or from which we can clearly and with certainty ascertain the pecuniary value of the rights involved, and therefore this court is precluded from assuming jurisdiction of this appeal upon the ground that the amount in dispute, exclusive of costs, exceeds the sum of $7500, the minimum of our pecuniary jurisdiction. [Cambest v. Hydro Electric Co., 292 Mo. 570; State ex rel. v. Mid-State Serum Co., 264 S. W. 878.]

It is obvious, from the nature and character of the instant action and the equitable relief sought, that the only other ground upon which this court can possibly assume jurisdiction of this appeal

is that the case "involves the construction of the Constitution of the United States or of this State."

In searching the record for a constitutional question as an available ground upon which to assume jurisdiction of this appeal, we find such constitutional question first presented in the motion to quash the order to show cause why a temporary injunction or restraining order should not issue against the several defendants, which "motion to quash" (it is so entitled in the caption) was filed by the defendant trade union. The motion avers that said defendant is "an unincorporated, voluntary labor union, composed of several hundred members, and as such can neither sue nor be sued in any court of this State or of the United States," and that the circuit court of the city of St. Louis "has no jurisdiction to enter any judgment or order of any nature whatsoever against the defendant herein, and has no jurisdiction over said defendant organization," and the motion asserts that the act of the General Assembly of March 23, 1915 (Laws 1915, p. 225), now Section 1186, Revised Statutes 1919, pursuant to the provisions of which act the defendant trade union was sued, and served with process and with the order to show cause, is unconstitutional, null and void because said act is violative of certain sections of the Constitution of this State, and of the Constitution of the United States. As we have said, the "motion to quash" (so denominated) was overruled by the circuit court, and no exception to the ruling and action of the court thereon was taken by the defendant trade union at the time, or thereafter preserved by a bill of exceptions filed in the cause. However, we find it unnecessary to discuss or rule the question whether the error, if any there be, in the action of the circuit court in overruling such motion would properly be before this court on appeal had the defendant trade union elected to stand upon its so-called "motion to quash" and the ruling of the circuit court thereon, without taking and preserving any exception to such ruling, and had said defendant suffered a judgment by default to go against it. This, for the reason that the defendant trade union did *not* elect to stand upon its motion and the court's ruling thereon, but, on the contrary, elected to enter its appearance generally in the cause and to plead only to the merits by filing an answer, consisting wholly and solely of a general denial of the allegations of the petition. Consequently, the recent decision of this court, en banc, in Mayes v. United Garment Workers of America, 6 S. W. (2d) 333, cited and strongly relied upon by the appellants herein, is inapplicable to the record before us in the instant cause. In the Mayes case, supra, the defendant trade union did not plead to the merits, but, on the contrary, the defendant trade union appeared specially for the sole and only purpose of filing, by way of answer, a so-called "plea in abatement," which was in the

nature of a plea to the jurisdiction of the court over the person of said defendant.

If the motion to quash the order to show cause, filed herein by the defendant trade union, be viewed as in the nature of a plea in abatement, or as a plea to the jurisdiction, and as thereby raising the question of the jurisdiction of the circuit court over the person of said defendant, such question of jurisdiction was waived by the filing of an answer to the merits, consisting only of a general denial of the allegations of the petition, and without pleading the defense of the court's lack of jurisdiction over the person of said defendant. It has been repeatedly held by this court that our code of civil procedure contemplates the filing of but *one* answer by the defendant in a cause, "and this to contain whatever defense or defenses the defendant may have, thus dispensing with the common-law rule that a plea in bar waives all dilatory pleas, or pleas not going to the merits." [Little v. Harrington, 71 Mo. 390; Cohn v. Lehman, 93 Mo. 574; Thomasson v. Insurance Co., 217 Mo. 485; Hallen v. Smith, 305 Mo. 157, 168; Mayes v. United Garment Workers of America, 6 S. W. (2d) 333, 335.] The filing of an answer by the defendant trade union, without therein questioning the jurisdiction of the court over the person of such defendant, constituted a general entry of appearance by such defendant, and the answer pleading (as it does) only to the merits by way of a general denial of the allegations of the petition, without raising, as matter of defense, the question of the court's jurisdiction over the person of said defendant, such question of jurisdiction was waived by said defendant, and therefore dropped out of the case; and with the passing from the case of the question of jurisdiction, there likewise dropped out of the case the constitutional question raised and presented by the defendant's motion to quash the order to show cause. [Newcomb v. Railroad Co., 182 Mo. 687, 709; Padgett v. Smith, 206 Mo. 303, 313; Hendricks v. Calloway, 211 Mo. 536, 557; Kingman-St. Louis Implement Co. v. Hardware Co., 137 Mo. App. 308, 317.]

No mention or suggestion of any other constitutional question was made by the defendants until after the rendition and entry of the judgment, but in their motion for a new trial the defendants invoked certain sections of the State, and of the Federal, Constitution as guaranteeing to defendants certain rights and privileges, which defendants claim are violated and infringed by the decree and judgment entered herein. The constitutional question thus attempted to be injected into the case in defendants' motion for a new trial is untimely, and comes too late to warrant this court in assuming jurisdiction of the appeal upon the ground that a constitutional question is involved. The judgment herein grants to plaintiff substantially the identical relief which plaintiff prayed in the petition. If the defendants believed that the granting of the relief prayed in plain-

tiff's petition would violate and infringe any right or privilege guaranteed to defendants under either the State or the Federal Constitution, the defense that the relief prayed, if granted, would violate their constitutional rights or privileges was available to them from the time they were served with summons and a copy of the petition, and the proper time to have invoked the aid of the Constitution, and thus to have raised the constitutional question, was upon the filing of the answer, and by that pleading, or at latest during the course of the trial, and before the entry of an adverse judgment. [Speer v. Railroad Co., 264 Mo. 265, 267; George v. Railroad Co., 249 Mo. 197, 199; Dahnke-Walker Milling Co. v. Blake, 242 Mo. 23, 31; Hartzler v. Railway Co., 218 Mo. 562, 564; Lohmeyer v. Cordage Co., 214 Mo. 685, 688; State ex rel. v. Public Service Commission (Mo. Sup.), 297 S. W. 47, 49.] In the Speer case, supra, wherein the constitutional question was first presented in a motion for a new trial, GRAVES, P. J., speaking for this division of our court, said (264 Mo. l. c. 267) : "This alleged constitutional question was not timely raised in this case. Questions of this character must come in at the first open door. This alleged constitutional question is an afterthought, born of an adverse judgment. . . . The binding character of the ordinance pleaded by plaintiff was a matter for the defendant to have considered in the preparation of its answer. If the ordinance pleaded in the petition involved any contract rights of the defendant, it was the duty of the defendant to embody that defense in its answer. If the ordinance was not applicable to defendant, it should have so pleaded. In other words, the first open door for the alleged constitutional question was in the answer. We shall not cite the numerous cases. It is sufficient to say that when a constitutional question can be raised by answer, it is untimely, and taken as waived, if not then raised. Such has been the uniform holding of this court."

We find present herein none of the essential prerequisities, prescribed by Article VI, Section 12, of our Constitution, to confer jurisdiction of this appeal upon this court, and hence it is our duty to transfer the cause to the proper Court of Appeals, as required by Section 2419, Revised Statutes 1919. It is therefore ordered that this cause be transferred to the St. Louis Court of Appeals. *Lindsay* and *Ellison, CC.,* concur.

PER CURIAM:—The foregoing opinion by SEDDON, C., is adopted as the opinion of the court. All of the judges concur.