**Allan MOLASKY ex rel. Clayton Corporation of Delaware, Appellant,**

v.

**Aaron S. LAPIN, Marcus Lipsky, and Clayton Corporation of Delaware, Respondents.**

**No. 50621.**

Supreme Court of Missouri,

Division No. 1.

Dec. 14, 1964.

Goldenhersh, Goldenhersh, Fredericks, Newman & Lane and Samuel J. Goldenhersh, St. Louis, for plaintiff-appellant.

Melvin L. Hertzman, St. Louis, for defendants-respondents.

HOUSER, Commissioner.

This is a derivative action by a minority stockholder, plaintiff Allan Molasky, brought on behalf of himself and all other stockholders similarly situated, and on behalf of Clayton Corporation of Delaware, a Delaware corporation, against the corporation [joined as a nominal party defendant under Supreme Court Rule No. 52.04(a), V.A.M.R.] and against defendants Aaron S. Lapin and Marcus Lipsky, alleged to be the owners of a majority of the outstanding common voting stock of the corporation, (1) to require the individual defendants to account to the corporation for all profits and gains obtained by them and for all losses and damages sustained by the corporation, "not in excess of $1,250,000," (2) for costs, accounting and attorneys' fees, and (3) for such other relief as the court may deem just and proper.

The facts alleged in the petition as the basis for the prayer for an accounting are that Lapin and Lipsky, owners of a majority of the stock and the controlling interest in another corporation, Development Research, Inc., conceived the plan, scheme and conspiracy of foisting on Clayton Corporation of Delaware the shares of Development Research, Inc. owned by them and their associates for $1,250,000 plus other considerations; that Lapin and Lipsky contemplated that they would use their control and domination of the board of directors of Clayton Corporation of Delaware to effect approval of this transaction and pay over to defendants and their associates "a sum substantially in excess of the value of the shares of stock of said Development Research, Inc. owned by said defendants and their associates"; that the payment of $1,250,000 was not the result of arms' length bargaining but was to serve the personal interests of the individual defendants at the expense of the nominal corporation; that the fair and reasonable value of stock of Development Research, Inc. was "substantially less than the sum paid for same"; that the payment was unfair to the nominal corporation and unduly favorable to the stockholders of Development Research, Inc. and the individual defendants and their associates, and constituted a fraud and a gift and waste of the assets of the nominal corporation. It was further alleged that the individual defendants acted recklessly, negligently and carelessly and are liable to account "for all losses sustained by Clayton Corporation of Delaware as a result thereof. The exact amount of said losses is unknown to plaintiff and can be ascertained only upon an accounting in this action."

Plaintiff procured service of process on the nonresident individual defendants Lapin and Lipsky by "an attachment via garnishment" of their stock in another corporation which is separate and distinct from the two corporations mentioned and in no way involved in this action. Individual defend-

ant Lapin, appearing specially, moved to dissolve the attachment, alleging that plaintiff's cause of action is purely an equitable action and that attachment is not authorized by the law of this state in equitable proceedings. The trial court sustained the motion and quashed the attachment and processes issued pursuant thereto against defendant Lapin. Thereafter the court denied a motion for default and inquiry against the other individual defendant, Lipsky, for lack of jurisdiction over him under the attachment and processes issued thereunder, and dissolved them, ruling that the order be treated as a final order in the case "for the reason that a derivative shareholder's suit can lie only in equity, and attachment is not available in an equity action."

Appeal was taken to the Supreme Court on the theory that we have appellate jurisdiction by reason of the amount in dispute. Art. V, § 3, Constitution of Missouri, 1945, V.A.M.S. Examination of this record indicates that we do not have appellate jurisdiction on that or any other ground.

■ In actions seeking purely equitable relief the rule is that " 'where relief is sought other than in the recovery of a money judgment, the value of the right necessarily involved, estimated in money, will constitute the measure of [our] jurisdiction.' " Joe Dan Market, Inc. v. Wentz, 321 Mo. 943, 13 S.W.2d 641, 644 [1]. The amount in dispute in this case is the amount, if any, by which the sum of $1,250,000 exceeds the value of the shares of stock of Development Research, Inc. sold to Clayton Corporation of Delaware. That excess would be the value in money to the nominal corporation and the loss to the individual defendants, should the relief sought by plaintiff be granted.

The record in this case consists of the petition; the answer of the nominal corporation; Lapin's entry of appearance; the order quashing the attachment and processes issued pursuant thereto; the motion to set that order aside; the record of the submissions of the motions and of the actions of the court on the motions and requests, and the notice of appeal. No evidence was taken.

■ There is nothing in this record by which we can determine the amount by which the sum of $1,250,000 exceeds the value of the shares of stock of Development Research, Inc. The value of the latter shares is not disclosed. Plaintiff alleges that there were profits and gains obtained and losses and damages sustained; that the sum paid by the directors of Clayton Corporation of Delaware was substantially in excess of the value of the shares bought, and that the value of the shares of Development Research, Inc. was substantially less than the amount paid for them, but *how much* these profits and gains, losses and damages, or excesses and deficiencies amount to is not stated in this record. There is nothing to show that plaintiff seeks to recover any definite sum whatever. On the contrary, it is expressly alleged that the exact amount of said losses is unknown to plaintiff and can be ascertained only upon an accounting. "If, therefore, it cannot be clearly and certainly ascertained from the record in any such case that the pecuniary value of the right necessarily involved exceeds the sum of [$15,000], this court is precluded from assuming jurisdiction of the appeal, unless the record in such case discloses that this court has jurisdiction of the appeal by reason of another of the several prerequisites of our jurisdiction prescribed by [Article V, § 3], of the state Constitution." Joe Dan Market, Inc. v. Wentz, supra, 13 S.W.2d, 1.c. 644. There is nothing in this record from which we may reach a conclusion that the pecuniary amount of the right necessarily involved exceeds the sum of $15,000. We do not have jurisdiction on the ground that more than that sum is in dispute. Albers v. Moffitt, 262 Mo. 645, 172 S.W. 11[4].

Examination of the record for other possible grounds of appellate jurisdiction under Art. V, § 3, Constitution of Missouri, 1945, reveals no other ground upon which this court may exercise its power.

The cause is transferred to the St. Louis Court of Appeals.

WELBORN and HIGGINS, CC., concur.

PER CURIAM:

The foregoing opinion by HOUSER, C., is adopted as the opinion of the court.

All of the Judges concur.