DUDLEY SPECIAL ROAD DISTRICT OF STODDARD COUNTY et al., Respondents,

v.

Glin HARRISON, Sr. and Bessie Harrison, his wife, Appellants.

No. 56346.

Supreme Court of Missouri, Division No. 1.

May 14, 1973.

C. H. Parsons, Jr., Dexter, Claude Arnold, Dexter, for respondents.

Powell, Ringer & Baker, Dexter, for appellants.

HIGGINS, Commissioner.

Action by all plaintiffs in Count I for mandatory injunction to compel defendants to remove a levee they constructed along the north side of their property and which crosses a creek; and in Counts II to VIII by various plaintiffs for a total of $94,500 actual and punitive damages for obstruction of the creek by the levee. Defendants filed answers which admitted construction of the levee and were otherwise a general denial. Defendants also filed a counterclaim in Count I of which they sought to enjoin various plaintiffs from entering upon defendants' lands.

At the outset of trial the following entry was made: "By agreement of the parties, the case was tried only on Count I of Plaintiffs' petition and on Count I of Defendants' counterclaim. The counts for damages are still pending."

The judgment and decree from which this appeal is taken granted injunctive relief as prayed by plaintiffs, restraining defendants from maintaining subject levee and ordering them to restore the condition of subject creek. The judgment was "designated and deemed final for purpose of appeal."

Appellants assert that "The counts for damages are still pending, awaiting the final decision of the courts on Count I. Hence, more than $30,000.00, to-wit:— $94,500.00 is involved, and the appeal (taken prior to January 1, 1972) is properly to this court." Respondents add nothing to this jurisdictional statement.

■ It is apparent from appellants' jurisdictional statement that jurisdiction in this court is invoked on the ground of the amount of money "involved" by way of damages sought by plaintiffs. However, jurisdiction is not determined by the amount of money involved but, instead, by the amount in "dispute." Powers v. Johnson, 302 S.W.2d 899, 901 [1] (Mo.1957). Section 3, Article V, Constitution of Missouri, V.A.M.S., and Section 477.040,

RSMo 1969, V.A.M.S., with respect to this appeal, gives the Supreme Court jurisdiction in cases where the amount in dispute exceeds $30,000.

■ In this case, the judgment and decree permanently enjoined defendants as prayed in plaintiffs' petition; the issue of damages was reserved, and title to real estate is not involved. The record presents no constitutional question; it presents questions relating solely to the propriety of granting injunctive relief to plaintiffs. In this situation, the Supreme Court is without jurisdiction; the question of finality of the judgment and decree is for the determination of the Court of Appeals. Godefroy Mfg. Co. v. Lady Lennox Co., 339 Mo. 1107, 100 S.W.2d 271, 272 (1936); State ex rel. Lamm v. Mid-State Serum Co., 264 S.W. 878, 879 (Mo.1924); Cambest v. McComas Hydro Electric Co., 292 Mo. 570, 239 S.W. 477 (1922).

Authorities cited by appellants in support of their jurisdictional statement are not applicable to this appeal. In Pan American Realty Corp. v. Forest Park Manor, Inc., 431 S.W.2d 144, 146 (Mo.1968), plaintiff sued for injunction, accounting, and damages. The appeal was by plaintiff from a judgment dismissing his petition; the judgment carried with it the dismissal of his claim for $400,000 actual and punitive damages, and when a plaintiff appeals from his failure to recover, the amount stated in his petition ordinarily determines appellate jurisdiction. In Sharp v. Interstate Motor Freight System, 442 S.W.2d 939, 942 (Mo. banc 1969), the effect of the court's finding was to deny each claim of third-party plaintiff Eaton, including its claim for damages in a sum far exceeding the amount which establishes jurisdiction in the Supreme Court. In Fleming v. Moore Brothers Realty Co., 363 Mo. 305, 251 S.W.2d 8, 10 (1952), and Missouri Power & Light Company v. Barnett, 354 S.W.2d 873 (Mo.1962), defendants appealed from judgments granting injunctive relief to plaintiffs on records which affirma-

tively showed a loss to defendants, on account of the judgment, in excess of the jurisdictional amount in dispute necessary to jurisdiction in the Supreme Court.

Cause transferred to Missouri Court of Appeals, Springfield District.

WELBORN, C., concurs.

PER CURIAM:

The foregoing opinion by HIGGINS, C., is adopted as the opinion of the court.

All of the Judges concur.