Succession of Thomas.

---

## No. 220.

### SUCCESSION OF SUSAN B. THOMAS.

1. In a contest for administratorship of a succession, appellate jurisdiction depends solely upon the amount or value of the assets of the succession.
2. To support the jurisdiction of this Court in such a case, it must be made to appear plainly that the value of the succession is within the limits assigned to this Court, by the Constitution of the State.
3. Where the only real showing of such value is the statement of a witness, given while testifying, that he once owed the deceased a certain sum, but that the debt is prescribed, such showing is not sufficient to sustain our jurisdiction.
4. An affidavit is not sufficient to support our jurisdiction, unless it shows not only that the amount in dispute is not *below* our jurisdiction, but, also, that it is not *beyond* it.

*Appeal from Civil District Court, Division D.    Rightor, J.*

*Geo. L. Bright* and *H. L. Edwards* for Louis J. Bright, appellant.

*J. B. Guthrie* and *A. H. Wilson* for E. T. Merrick, appellee.

ROGERS, J.—Louis J. Bright claiming to be a creditor of the deceased, Mrs. Susan B. Thomas, applied to the Civil District Court for letters of administration.

His application was opposed by Edwin T. Merrick, and the Judge of the lower Court rejected the application and refused to issue letters of administration. An appeal was taken to the Supreme Court of this State, the applicant contending for the jurisdiction of that tribunal by reason of the amount of his alleged claim against the succession being $3800. The appeal was dismissed because of insufficiency in amount of value of succession; that the amount of a claim preferred in a contest for the administration of a succession is not the test of jurisdiction. In such controversies that question is to be determined by the value of the matter in dispute, the possession of which is sought, which in succession cases is the value of the assets, regardless of the liabilities. (Succession of Susan B. Thomas, No. 8699, Docket Sup. Ct.)

As the identical record now before us was before the Supreme Court, their opinion and decree will be respected in determining a question of fact, that the amount in dispute or fund to be distributed was not shown to them to exceed one thousand dollars.

The question, therefore, for this Court must be determined upon the assets or funds of the succession, which should be administered or distributed by an administrator.

The applicant, in his petition for letters of administration, mentions no amount of value; he simply alleges that decedent left some property and effects within the jurisdiction of the District Court of this Parish. There is no affirmative testimony that if she left anything in this State, it is worth one dollar or a thousand dollars. During the course of the examination of oppo-

nent E. T. Merrick, as a witness, he stated that he had owed Mrs. Thomas four hundred dollars, but that he did not now owe it, as it was prescribed.

It is perfectly immaterial in this connection, to determine the question of prescription, nor could we legally determine it; the matter is before us incidentally and in no real contest between proper parties; but if, as appellant contends, we must accept this statement of a former debt of $400, as giving us jurisdiction and fixing the existence of property within the Parish, we are unable to see how we can divide the statement as it is admittedly before us. There is no positive admission that this $400 is an asset of the succession, or that it has any existence as a claim, because at the very moment of the statement that one time there was a debt, comes the statement of its extinguishment, and there is no circumstance, or condition, that militates against the entire declaration; on the contrary, it stands exactly in the record as sworn to by the opponent, without contradiction or attempt at traverse.

Jurisdiction has been expressly conferred by law, and when litigants seek our forum they must make out an affirmative case and show, at least, that there is some definite sum or interest about which a controversy exists and upon which we can pass intelligently and finally.

There is no doubt that this fact of a claim or debt, due by E. T. Merrick, was never contemplated by applicant. It was a fact, as appears from argument and statements before us, that for the first time appeared to them, when stated by the witness, an adverse witness, during the course of an examination on other facts. This is evident from an affidavit filed by appellant at a late date before us, in which he states the amount of assets belonging to the succession is not less than $400, thereby implying more than $400; how much more than $400 we are not told. What we should know is, that the amount is in excess of $200 and not more than $1000.

Besides, the affidavit is not conclusive. We are not limited to its consideration alone, which is but a sworn allegation of one

of the parties. The amount should be legally ascertained from the pleadings and documents in the record. State ex rel., Police Jury vs. Miscar et al., 34 La. An. 834; Wilkins vs. Gault, 32 La. An. 929; Sentell vs. Demas, Sup. Ct., not reported.

The facts nowhere appear from the testimony considered by us which fix any sum or value to the assets left by decedent, giving us jurisdiction, and we cannot, therefore, review the judgment of the District Court.

Appeal dismissed.