IN MATTER OF ESTATE OF JOHN M. WILSON: JAMES L. WILSON, Appellant, v. RESPINO WILSON.—8 S. W. (2d) 973.

Division One, July 30, 1928.

*Grover C. Huston* and *Hostetter & Haley* for appellant.

*Creech & Penn* for respondent.

SEDDON, C.—The uncontroverted facts herein are these: John M. Wilson, who had been, and was at the time of his death, adjudged to be a person of unsound mind, died possessed of property and a resident of Lincoln County, Missouri, on April 12, 1924. James L. Wilson, a nephew of John M. Wilson, had been, and was at the death of said John M. Wilson, the duly appointed, acting and qualified guardian of the person and estate of said John M. Wilson, by appointment of the Probate Court of Lincoln County. On April 24, 1924, the Probate Court of Lincoln County appointed said James L. Wilson administrator of the estate of John M. Wilson, deceased, and said appointee duly qualified as such administrator. John M. Wilson died intestate and unmarried. His several surviving brothers and sisters, together with a nephew and a niece, who are the descendants of a deceased sister or brother of John M. Wilson, are his heirs at law and the legal distributees of his estate. James L. Wilson is the son of a surviving brother of John M. Wilson, and therefore is not an heir of the deceased or a distributee of decedent's estate. All of the aforesaid heirs of John M. Wilson signed a written waiver, relinquishing and renouncing their statutory right and preference to administer the estate of said John M. Wilson, deceased, and duly filed such renunciation in the Probate Court of Lincoln County, save and except Respino Wilson, a surviving brother of deceased, and Rebecca Dougherty, a surviving sister of deceased, both

of whom are and were residents of the State of Missouri, and neither of whom was cited to appear in the Probate Court of Lincoln County before, or at the time of, the appointment of the administrator of said estate, or was either of them notified of the statutory preferential right to administer said estate, as provided by Sections 7 and 8, Revised Statutes 1919. On May 26, 1924, more than thirty days after the death of the deceased, Respino Wilson, brother of the deceased, filed a motion in the Probate Court of Lincoln County asking that the appointment of James L. Wilson as administrator of the estate of deceased be revoked and set aside, and that said Respino Wilson be appointed administrator of said estate in the place and stead of James L. Wilson. Upon a hearing of said motion in the Probate Court of Lincoln County, that court revoked the letters of administration theretofore granted unto James L. Wilson, but refused to appoint Respino Wilson administrator of said estate. Thereupon, James L. Wilson appealed from the action of said probate court to the Circuit Court of Lincoln County, where, upon a trial *de novo,* judgment was entered removing said James L. Wilson as administrator of said estate, revoking the letters of administration theretofore granted to him, and certifying such removal and revocation of letters of administration to the probate court of said county. After an unsuccessful motion for new trial, said James L. Wilson was granted and allowed an appeal to this court from the judgment so entered.

Neither party has questioned our jurisdiction of this appeal or raised that question by their briefs, but we have repeatedly held that jurisdiction of an appeal cannot be conferred upon this court by the mere consent, acquiescence, or silence of the parties. [In re Tannory, 297 S. W. 967; State ex rel. v. Sims, 309 Mo. 18, 274 S. W. 359; Springfield Southwestern Ry. Co. v. Schweitzer, 246 Mo. 122, 127, 151 S. W. 128; Vandeventer v. Bank, 232 Mo. 618, 622, 135 S. W. 23.] The question of our jurisdiction may always be raised *sua sponte* by this court, for no court should proceed to judgment in a cause or proceeding unless it has jurisdiction. [In re Tannory (Mo. Sup.), 297 S. W. 967; Toothaker v. Pleasant, 315 Mo. 1239, 1245, 288 S. W. 38, 41; City of Tarkio v. Clark, 186 Mo. 285, 294, 85 S. W. 329.]

It is apparent from the record before us that the present proceeding does not involve the construction of either the Federal or the State Constitution; nor is the proceeding one involving the title to real estate, or one in which the judgment appealed from operates directly upon the title to real estate; nor does the present proceeding involve the title to any office under this State. The record herein does show that the approximate appraised value of the estate of John M. Wilson, which consisted entirely of personalty, is $17,000; but the

value of said estate, in our opinion, is not the amount in dispute, or at issue, in the present proceeding. While it may properly be said that the administrator or executor of an estate is the legal owner, for the time being and during the course of administration, of the personal property of which decedent died possessed, and that his title and authority extends so completely to all such personal property as to exclude, for the time being, creditors, legatees, distributees, and all others beneficially interested in the estate (23 C. J. 1172; Orchard v. Store Co., 225 Mo. 414, 433), yet we think it does not follow, for the purpose of determining the question of our jurisdiction of an appeal from an order or judgment removing an administrator or executor, that the pecuniary value of the personal estate of a decedent under administration is the real and actual amount in dispute in such removal proceeding. The rights of creditors and the distributive shares of the legal distributees of said estate are definitely fixed by statute, or by the will of decedent, if there be a will, and those rights are, as a matter of law and of fact, wholly unaffected by any regard as to who may be appointed administrator or executor of the personal estate of decedent, and without regard to the subsequent removal of such administrator or executor and the appointment of a successor in his stead. In our view of the subject, the proceeding for the removal of an administrator, whether original or on appeal, does not involve or affect the pecuniary value of the personal estate of the decedent, but involves and affects only the right and title to the office of administrator and the pecuniary value of that office.

We are unable to find any ruling of an appellate court of this State upon this precise question, and the precise question of our appellate jurisdiction in such a proceeding appears to be one of first impression in this court and in this State; which is a sufficient reason for our now determining and settling such question for the benefit and future guidance of the bench and bar of the State. The rule has been well settled and clearly established by the decisions of this court that, in cases or proceedings "where relief is sought other than in the recovery of a money judgment, *the value of the right necessarily involved,* estimated in money, will constitute the measure of our jurisdiction." [State ex rel. v. Reynolds (Court en Banc), 275 Mo. 113, 121; Gary Realty Co. v. Kelly, 284 Mo. 418, 424.] And so we have repeatedly ruled, in determining our appellate jurisdiction in actions or proceedings seeking solely equitable relief, or wherein relief other than a money judgment is sought, that "the amount involved must be determined by the value in money of the relief to the plaintiff, or of the loss to the defendant, should the relief be granted, or *vice versa,* should the relief be denied." [Gast Bank Note and Lithograph Co. v. Fennimore Assn., 147 Mo. 557; Kitchell v. Railway Co., 146 Mo. 455; Gary Realty Co. v. Kelly, 284 Mo. 418; Cam-

best v. Hydro Electric Co., 292 Mo. 570; Handlan v. Stifel (Mo. Sup.), 219 S. W. 616; State ex rel. v. Mid-State Serum Co. (Mo. Sup.), 264 S. W. 878; Aufderheide v. Ice & Fuel Co. (Mo. Sup.), 4 S. W. (2d) 776.] In the present proceeding, the movent below, Respino Wilson, occupies the position of a plaintiff, and the appellant, James L. Wilson, the removed administrator, occupies the position of defendant. What, then, is the *value in money of the loss to the defendant*, James L. Wilson, the removed administrator, if the relief sought by the movent, Respino Wilson, be granted? Clearly, the answer to the question would seem to be *the value of the right necessarily involved*, which is the right or title to the office of administrator, the loss of which office to appellant, James L. Wilson, measured in money, would involve only the pecuniary value of that office, which is the statutory fee or compensation allowed to the administrator, and to which the removed and appealing administrator would be entitled upon his administration of said estate.

But we are not wholly without judicial precedent upon this precise subject, for the Supreme Court of the United States ruled a like question of its own pecuniary jurisdiction upon an appeal from a judgment or order entered in a proceeding wherein two persons were contesting their respective right and title to the office of guardian of a minor's estate. [Ritchie v. Mauro, 2 Pet. (27 U. S.) 243, 244.] In that case, Mr. Chief Justice MARSHALL, delivering the opinion of that court, said: "In the present case, a majority of the court are of opinion that this court has no jurisdiction in the case; the value in controversy not being sufficient to entitle the party by law to claim an appeal. *The value is not the value of the minor's estate, but the value of the office of guardian.* The present is a controversy merely between persons claiming adversely as guardians, having no distinct interest of their own. The office of guardian is of no value, except so far as it affords a compensation for labor and services thereafter to be earned." (Italics ours.)

We find two decisions of the Court of Appeals and Supreme Court, respectively, of Louisiana to the contrary, and which seemingly hold that appellate jurisdiction in that State depends upon the value of the assets of the estate rather than upon the value of the office (Succession of Thomas, 2 McGloin, 127; State v. Insurance Co., 126 La. 547, 52 So. 763), but we regard the aforesaid ruling of the Federal Supreme Court as the more reasonable, logical and persuasive, and we are disposed to follow that ruling rather than the contrary holdings of the Louisiana appellate courts.

At most the present proceeding, in our judgment, involves only the statutory fees or compensation to which the removed and appealing administrator would be entitled upon his administration of said estate. The statute (Sec. 220, R. S. 1919) prescribes as the

full compensation of administrators for their services "a commission of five per cent on personal property and on money arising from the sale of real estate." Assuming that the estate in question consists entirely of personalty, and is valued at $17,000, the statutory commission of five per cent computed thereon amounts to only $850, which sum is the maximum amount involved and in dispute in the present proceeding as disclosed by the record herein. None of the essential prerequisities to confer jurisdiction upon this court, prescribed by Article 6, Section 12, of our State Constitution, is present herein. It is our duty, therefore, to transfer the cause or proceeding to the St. Louis Court of Appeals, and it is so ordered. *Lindsay, C.,* concurs; *Ellison, C.,* not sitting.

PER CURIAM:—The foregoing opinion by SEDDON, C., is adopted as the opinion of the court. All of the judges concur.