EARL FIELDS ET AL. v. E. CHESTER LUCK, Appellant.—34 S. W. (2d) 710.

Division One, January 5, 1931.

*Frank Yeoman* and *Louis A. Laughlin* for appellant.

*Floyd S. Strattan* and *Henry M. Beardsley* for respondents.

FERGUSON, C.—This proceeding was commenced in the Probate Court of Jackson County. The petitioners seek the suspension of an executor, and the appointment of an administrator *pendente lite* pending the determination of a suit to contest a will in which said executor is a beneficiary.

Margaret Luck-Roff died, testate, in Jackson County, Missouri, on March 11, 1926. Her estate composed wholly of personal property, was of a value of $8,000. By her will she bequeathed all of her property to two step-children, E. Chester Luck and Julia O. Pearson,

and named the said E. Chester Luck executor. On March 20, 1926, the will was admitted to probate and E. Chester Luck, the appellant here, was appointed executor. On February 24, 1927, suit to contest the will was filed in the Circuit Court of Jackson County, Missouri, by Earl Fields, a nephew, and Muriel Hazel Fields and Pearl Fields-Karsten, nieces of the testatrix and Samuel L. Reynolds, a half-brother of testatrix, as plaintiffs against E. Chester Luck, executor, and E. Chester Luck and Julia O. Pearson as defendants. Thereafter, and on March 30, 1927, the plaintiffs, in the suit to contest the will, filed a petition in the Probate Court of Jackson County, asking that E. Chester Luck be removed and suspended as executor of the estate of the deceased Margaret Luck-Roff during the pendency of the suit to contest the will, and that an administrator *pendente lite* be appointed to take charge of the property comprising said estate and preserve and administer same until the final determination of the will contest. Upon a hearing the probate court suspended the executor E. Chester Luck and appointed an administrator *pendente lite*. From this order of the probate court the executor appealed to the Circuit Court of Jackson County. Upon a trial in the circuit court a judgment was entered suspending the said E. Chester Luck as executor, and appointing A. D. Scarritt as administrator *pendente lite* and requiring the said executor to make a complete settlement of said estate with said administrator *pendente lite*. The executor, E. Chester Luck, appealed from the order and judgment of the circuit court and the appeal was granted to this court.

It is apparent that this proceeding does not involve "the construction of the Constitution of the United States or of this State" or the "title to any office under this State" or "title to real estate" and that this court does not have jurisdiction of the appeal herein unless the "amount in dispute, exclusive of costs, exceeds the sum of $7,500." [Sec. 12, Art. VI, Constitution of Missouri.] This court has ruled that in determining its jurisdiction on appeal in a proceeding to remove an administrator, the value of the estate is not the "amount in dispute or at issue;" that such proceeding does not "involve or affect the pecuniary value of the personal estate of the decedent, but involves the right and title to the office of administrator and the pecuniary value of that office;" that "the amount involved must be determined by the value in money" of the office of administrator or the loss to the defendant should the relief be granted and the administrator removed, and that the pecuniary value of the office of administrator is determined by the statutory fees or compensation to which the administrator, whose removal is sought, would be entitled upon his administration of the estate. [In re Estate of John M. Wilson, 320 Mo. 975, 8 S. W. (2d) 973.]

In the instant case the value of the estate, which consists entirely of personalty is $8,000. The statute, Section 220, Revised Statutes 1919, allows executors or administrators five per cent on personal property "as full compensation for their services." Therefore, the pecuniary value of the office of executor, in controversy in this proceeding, is not to exceed $400.

Following In re Estate of John M. Wilson, supra, we transfer this cause to the Kansas City Court of Appeals; and it is so ordered. *Seddon* and *Ellison, CC.,* concur.

PER CURIAM:—The foregoing opinion by FERGUSON, C., is adopted as the opinion of the court. All of the judges concur.