D. H. SMITH, Appellant, v. CITY OF SEDALIA, Appellant.

Division Two, May 26, 1910.

APPELLATE JURISDICTION: $2000: Injunction. Where appellant brought an action against a city for damages for emptying its sewage on his land, in the first count praying judgment for $10,000, and in the second asking an injunction to restrain the further maintenance of the nuisance, and obtained a judgment for $2000 on the first count, from which defendant appeals, and the judgment on the second count was for defendant, from which plaintiff appeals, the Supreme Court has no jurisdiction over the appeal, there being no constitutional or Federal question involved, and it being admitted that the title of the land is in plaintiff.

Appeal from Moniteau Circuit Court.—*Hon. Wm. H. Martin*, Judge.

TRANSFERRED TO KANSAS CITY COURT OF APPEALS.

*J. W. Suddath* and *Montgomery & Montgomery* for plaintiff.

*Mark A. McGruder, C. C. Kelly* and *Wm. M. Williams* for defendant.

GANTT, P. J.—In this cause the plaintiff brought his action against the city of Sedalia for damages for emptying its sewerage on his farm north of the said city, to the amount of $10,000, for which he prayed judgment. In the second count plaintiff sought an injunction against the city to restrain the further maintenance of said nuisance.

The defendant filed its answers to both counts, and the cause was sent, by change of venue, to the Moniteau Circuit Court. Plaintiff obtained a verdict and judgment for $2000 on the said first count in his petition, and the defendant obtained judgment denying an injunction on the second count.

Both parties have appealed to this court and the cause was argued at this term. On the hearing no question was raised as to the jurisdiction of this court to determine these appeals, but an inspection of the record shows that there is no constitutional or Federal question presented either in the pleadings or in the judgments of the court. While the plaintiff sues for $10,000 in his first count for damages, he recovered only $2000, and the defendant appeals from the judgment. It is obvious that the amount of the judgment in this case must determine the jurisdiction on appeal, and that amount being less than $4500, at the time the appeal was taken and perfected, this court has no jurisdiction thereof. [Richenbach v. United Masonic Assn., 112 Mo. 22; Hensler v. Stix, 185 Mo. 238.]. It is equally clear, we think, that we have no jurisdiction of the appeal in the injunction suit. The title to real estate is not involved in that case. Indeed it is conceded that the title to the farm was in the plaintiff, and

there is no constitutional question involved nor any Federal question which would give this court the power to determine said appeal. The fact that the city of Sedalia is a party to the suit does not give this court jurisdiction, because said city is not a political subdivision of the State within the meaning of section 12, article 6, of the Constitution and the amendment thereto, extending the jurisdiction of the St. Louis Court of Appeals and establishing the Kansas City Court of Appeals, which was adopted in November, 1884. [Parker v. Zeisler, 139 Mo. 298; Kansas City v. Neal, 122 Mo. 232; St. Charles v. Hackman, 133 Mo. 634.]

It follows that these appeals must be certified to the Kansas City Court of Appeals, and it is so ordered. *Burgess* and *Fox, JJ.,* concur.