Anna Bante, Executrix under Last Will of Henry F. Bante alias H. F. Etnab, v. Bante Development Company, H. A. Schmiemeier, Secretary of Bante Development Company, and Louis Bante, Appellants.—19 S. W. (2d) 641.

Division Two, August 6, 1929.

*C. L. Shotwell* for appellant.

*R. M. Zeppenfeld* for respondent.

DAVIS, C.—This is a suit in equity against defendant corporation and its secretary and a transferee of its stock, to declare an alleged transfer of its stock fraudulent and illegal, and to compel said corporation to transfer to plaintiff, as executrix of Henry F. Bante, deceased, shares of stock alleged to have been owned by said Henry F. Bante at his decease. From a decree and judgment in favor of plaintiff as said executrix, defendants appealed.

We are at once confronted, on the record before us, with the question of the appellate jurisdiction of this court. We need not summarize the petition further than to say that it alleges that the Bante Development Company, an Oklahoma corporation, issued to Henry F. Bante seven certificates, aggregating 222 shares of its stock, and that he was the legal holder and owner of same at the time of his death on January 1, 1924, and that the executrix tendered same to the secretary of said corporation, for surrender, transfer and issuance of new certificates to her as executrix, but that the secretary

declined to issue same; that the secretary, without the presentation, indorsement or assignment of said certificates, made an entry on the stock transfer register of said company, purporting to legally transfer said shares of stock to Louis Bante, but the entry was not bona fide and was made for the purpose of defrauding plaintiff.

The petition further states that the stock has no market value, and that its real and prospective value depends upon the further development and management of the enterprise, and that plaintiff could not be commensurably satisfied by a judgment for damages for the value of the stock.

The prayer of the petition asks the finding that the purported transfer of said stock to Louis Bante be declared fraudulent and illegal, and be canceled and held null and void, and that the secretary be required to transfer the stock to plaintiff as executrix, and that new certificates be issued to her as executrix, and that plaintiff's name as executrix and holder of said stock be entered upon the book containing the names of defendant company stockholders.

The answer comprised a general denial, and a plea that, at a certain meeting of said corporation, Henry F. Bante advised the directors that he had sold the stock represented by said corporation's certificates of stock numbered one, nine and ten, and requested that they be transferred on the books of said corporation to defendant Louis Bante; that the secretary so transferred said stock; that said stock now stands on the books of said corporation in the name of defendant Louis Bante, who claims to be the actual owner thereof and to be legally and equitably entitled thereto. The reply was a general denial.

The decree, in substance, makes a finding of fraud, and orders the secretary to transfer the seven certificates of stock of said company, aggregating 222 shares, to plaintiff as executrix.

The evidence relating to the value of the amount in dispute reads:

"Q. What is the par value of the stock? A. It has none. The par value, I believe, is a hundred dollars. . . .

"Q. And the par value is one hundred dollars? A. Yes, sir.

. . .

"Q. This stock hasn't any particular market value, has it, doctor? A. No, sir. . . .

"Q. You can't tell what it is worth? A. We had an offer on the land that the stock represents. This is a company holding title to a tract of land in Oklahoma. It was to be developed and the town went up in the air and so did the property.

"Q. And it has only a prospective speculative value? A. Yes, sir; we are still holding it, still holding title to the property. It is inactive."

I. The question of our appellate jurisdiction is not raised by either plaintiff or defendants. Be that as it may, our jurisdiction on appeal is limited, and we have neither the power nor the right to pass upon issues or rights of litigants that are without our jurisdiction. Consequently, it is our duty always, irrespective of its being raised, to determine that we have jurisdiction before determining the merits of the cause.

The issues develop that this is not a suit for a money judgment. There is no issue presented that confers upon this court appellate jurisdiction, unless the record develops that the *amount in dispute* exceeds $7500. By the phrase, *amount in dispute,* is meant the actual value in money of the right or rights litigated. [McGregory v. Gaskill, 296 S. W. 123.]

The record and the issues, as well as the evidence, develop that three certificates only of the stock of the Bante Development Company, to-wit, one, nine and ten, aggregating 150 shares, of the par value of one hundred dollars a share, are in litigation. The par or face value of these shares totals $15,000. It is not, however, the par or face value of shares of stock that determines our appellate jurisdiction, but it is the actual money value thereof. It is that standard of value that constitutes the amount in dispute. The par or face value of shares of stock may be greater or less than the actual money value thereof. The evidence demonstrates that the entire issue of stock was held by not more than five persons, and that the stock had no market value. In the absence of a market value, the actual money value of the shares could be determined only by the assets of the corporation. The only asset that the evidence speaks of is land, but it fails to develop the area of the land or its value. The minutes of August 1, 1922, show that Bante reported receipt of check for $118.48, balance of rent due on property, but, as the evidence establishes nothing more in that regard, it is evident that such income is not sufficient to act as the basis of our appellate jurisdiction.

We have heretofore ruled that, except in cases where jurisdiction is otherwise conferred on this court, it must affirmatively appear from the record, in order to give us appellate jurisdiction, that the amount in dispute, exclusive of costs, exceeds $7500. [In re Bennett's Estate v. Bennett, 243 S. W. 769; State ex rel. v. Midstate Serum Co., 264 S. W. 878; McGregory v. Gaskill, 296 S. W. 123.]

The amount in dispute must be determined from the record and the evidence. As the stock had no market value, but only a prospective speculative value, and as the value of the assets of the corporation was not shown, it is evident that this court is without appellate jurisdiction in this cause. It is true that the par value of the stock in litigation totals $15,000, but the evidence with respect

to the stock's actual money value, to-wit, "the town went up in the air and so did the property," tends to show that, at the entry of the judgment, the stock had no present money value. We do not intend to say that the par value of stock may not, under any circumstances, constitute the basis of our appellate jurisdiction. Situations may arise where it affirmatively appears, or may be readily inferred, that the par value is the actual money value of stock, but the present instance does not present such situation. Relative to the subject, however, McGregory v. Gaskill, 296 S. W. 123, l. c. 124, has this to say: "Under these authorities, also, it is not for the court to indulge in conjectures as to the actual or market value of these shares of stock upon the mere statement in the record that they are of the par value of one hundred dollars each."

It follows that it is not affirmatively shown by the record or evidence that the amount in dispute exceeds $7,500, and, consequently, as we are without appellate jurisdiction, the cause must be transferred to the St. Louis Court of Appeals. It is so ordered. *Henwood* and *Cooley, CC.,* concur.

PER CURIAM:—The foregoing opinion by DAVIS, C., is adopted as the opinion of the court. All of the judges concur.