G. DERK GREEN, Appellant, v. LON R. OWEN.—31 S. W. (2d) 1037.

Division Two, October 13, 1930.

*G. Derk Green, Pro se,* for appellant.

DAVIS, C.—This is an election contest, wherein plaintiff-appellant seeks to contest the election of defendant-respondent to the office of City Attorney of the City of Marceline in Linn County. The court sustained a demurrer to plaintiff's notice of contest, and, plaintiff refusing to plead further, the trial court entered an order dismissing the cause. Plaintiff appealed, and was allowed an appeal to this court.

I. Our jurisdiction is the primary question that confronts us, for, if we do not have jurisdiction, we have neither the right nor power to pass upon the questions of error on appeal.

We have appellate jurisdiction where the title to any office under this State is involved (Art. VI, Sec. 12, Missouri Constitution), and as no constitutional question is raised, this seems to be the only ground that might appear to confer appellate jurisdiction on this court. We have frequently held that a city within a county is not a political subdivision of this State, under Article VI, Section 12, Missouri Constitution, so as to confer jurisdiction on this court. [Smith v. Sedalia, 228 Mo. 505, 128 S. W. 735.] By analogy the right to the office of city attorney of a municipality does not involve the title to any office under this State. The office of city attorney of a city is not an office under this State, but is an office under the city.

II. Section 4939, Revised Statutes 1919, provides, in part: "In all cases of contested elections the right of appeal shall exist, and appeals may be taken in the same time or manner and to the same courts as is or may be provided by law with respect to appeals in ordinary civil actions; and writs of error shall lie in such cases as in civil actions."

The appellate jurisdiction of this court must affirmatively appear from the record. In the record before us, the notice of contest demonstrates that plaintiff is contesting the election of defendant to the office of City Attorney of Marceline for a term of two years beginning on April 11, 1928, but the record develops nothing with respect to the salary of the office, even though we could say that the amount of the salary for the term was an issue in an election contest. The amount in dispute must exceed the sum of $7,500 to invest this court with jurisdiction, and it must affirmatively appear from the record that the amount in dispute exceeds that sum. [Bante v. Bante Development Co., 323 Mo. 649, 19 S. W. (2d) 641.]

It is evident that we are without appellate jurisdiction in this cause. Consequently, the cause is transferred to the Kansas City Court of Appeals. *Henwood* and *Cooley, CC.,* concur.

PER CURIAM:—The foregoing opinion by DAVIS, C., is adopted as the opinion of the court. *Blair, P. J.,* and *White, J.,* concur; *Walker, J.,* absent.