THOMAS HANLEY, Employee, v. CARLO MOTOR SERVICE COMPANY, Employer, and THE EMPLOYERS' LIABILITY ASSURANCE CORPORATION, LTD., Insurer, Appellants.—126 S. W. (2d) 229.

Division Two, March 15, 1939.

*A. J. Stangler* and *Moser, Marsalek & Dearing* for appellants.

*Albert I. Graff* and *Anthony Canzoneri* for respondent.

ELLISON, P. J.—The defendant employer and insurer appeal from a judgment of the Circuit Court of St. Louis County affirming an order of the Workmen's Compensation Commission wherein the Commission commuted an award theretofore made to the plaintiff-respondent employee for permanent total disability, and required the payment to him of $9,855.12 in a lump sum under Section 3346, Revised Statutes 1929 (Mo. Stat. Ann., p. 8282). The original award to the respondent was $20 per week for 300 weeks and $7.88 per week thereafter for life, less prior payments. The appellants have abided by that award but are, as stated, resisting the commutation order.

The only possible ground upon which we could have jurisdiction of the appeal, would be because the amount in dispute exceeds $7500. The commutation award made to the respondent by the Commission was $9855.12. But that is not the amount in dispute. The appellants concede respondent's right to compensation for permanent total disability under the original award of the Commission, and therefore if there is any monetary amount in dispute in this case it must be the difference between the commuted award of $9855.12 and the original final award. Theoretically, or according to the mortality tables, the commuted award represents the present cash value of the original, installment award and the difference in value between them at the time of the appeal was zero.

But if we try to get away from that method of comparison we are equally in a dilemma. The original award was $20 per week for 300 weeks and $7.88 per week thereafter for respondent's life. If the annuity tables are not used it is impossible to ascertain how much the employer and insurer will be compelled to pay under it, because no one can tell how long the appellant actually will live and draw his money. [Hardt v. City Ice & Fuel Co., 340 Mo. 721, 102 S. W. (2d) 592; Evans v. Chevrolet Motor Co. (Mo. Div. 1), 102 S. W. (2d) 594; Platies v. Theodorow Bakery Co., 334 Mo. 508, 511, 66 S. W. (2d) 147, 148.] We have, therefore, no definite sum representing the original award to subtract from the commuted award, and ascertain the difference.

This case does not involve an award of *death* benefits under Section 3319 (b), Revised Statutes 1929 (Mo. Stat. Ann., p. 8254). That section says the employer shall pay to the dependents of the deceased employee "a single total death benefit;" and it has been held under that provision the *aggregate* award fixes the amount of the judgment although it is payable in installments. [Shroyer v. Mo. Livestock Comm. Co., 332 Mo. 1219, 1227, 61 S. W. (2d) 713, 716.] But this is not so of awards for permanent total disability under Section 3316,

Revised Statutes 1929 (Mo. Stat. Ann., p. 8253). That section does not provide for any single total benefit, but calls only for weekly payments for life. The difference between the two is pointed out in Hohlstein v. St. Louis Roofing Co., 328 Mo. 889, 905, 42 S. W. (2d) 573, 576, and Platies v. Theodorow Bakery Co., 334 Mo. 508, 511, 66 S. W. (2d) 147, 148.

It is well established that the facts giving us jurisdiction must affirmatively appear in the record. They do not so appear here— rather the contrary. Accordingly the cause is ordered transferred to the St. Louis Court of Appeals. All concur.