

# THE ATTORNEY GENERAL
## OF TEXAS
### AUSTIN, TEXAS 78711

GERALD C. MANN
XXXXXXXXXXXXXXXXXXXX
CRAWFORD C. MARTIN
ATTORNEY GENERAL

Overruled by:
Willis v. Potts
377 SW 2d 622
Texas Sup. Ct.

February 23, 1939

Hon. T. O. Walton, President
A & M College
College Station, Texas

See letter to Calvert
dated 3/27/56 by John
Reeves.

Opinion No. O-371
Re: Members of A. & M.
    College staff may
    serve as town
    officers in the
    town of College
    Station.

Dear Dr. Walton:

Your inquiry of February 15th re-submits the questions, "Can members of A. & M. College staff serve as town officers of the town of College Station?"

Article 16, Section 33, of the Constitution states:

"The accounting officers of this State shall neither draw nor pay a warrant upon the Treasury in favor of any person for salary or compensation as agent, officer, or appointee who holds at the same time any other office or position of honor, trust or profit under this State or the United States, except as prescribed in this Constitution."

Article 16, Section 40, of the Constitution provides:

"No person shall hold or exercise at the same time more than one civil office of emolument."

There are no decisions of the Texas courts directly in point. However, the Supreme Court of this State, in Kimbrough v. Barnett, 93 Tex. 301, defined "public office" as, "The right, authority and duty created and conferred by law, by which, for a given period, either fixed by law or enduring at the pleasure of the creating power, an individual is invested with some portion of the sovereign functions of the government, to be exercised by him for the benefit of the public."

In Leymel v. Johnson, 288 Pac. 858, the District Court of Appeal of the State of California had before it the question as to whether a school teacher was an officer, and after quoting

from Kimbrough v. Barnett, supra, and after eulogizing the teaching profession at length, holds that a teacher is not an officer under the State.

In Green v. Owen, 31 S. W. (2d) 1037, the Supreme Court of the State of Missouri held:

"The right of the office of City Attorney of a municipality does not involve the title to any office under the State. The office of City Attorney of a city is not an office under this State, but an office under the city."

We therefore answer that members of the college staff are not prohibited by Sections 33 and 40 of Article 16 of the State Constitution from holding office under the town of College Station.

The Opinion rendered by this Department on December 10, 1938, is hereby overruled and withdrawn.

Yours very truly

ATTORNEY GENERAL OF TEXAS


By /s/ A. S. Rollins
    A. S. Rollins
    Assistant

ASR:PBP:LM:CGE

APPROVED:

/s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS