St. Louis Union Trust Company, as Trustee Under the Will of Martha Plant McCormick, Respondent, v. Alby Easton Mc-Cormick Toberman et al., Defendants, Joseph Thomas Toberman, a Minor, by George S. Roudebush, His Guardian *Ad Litem*, Appellant.—134 S. W. (2d) 45.

Division Two, December 14, 1939.

*George S. Roudebush* for appellant.

*Bryan, Williams, Cave & McPheeters* for respondent

*Samuel A. Mitchell* and *Richard D. Shewmaker, amici curiae.*

BOHLING, C.—This review, on the merits, raises interesting issues exceptionally well presented; but after examining the record we conclude appellate jurisdiction is vested in the St. Louis Court of Appeals.

The St. Louis Union Trust Company, as trustee under the will of Martha Plant McCormick, deceased, instituted the action to ascertain its power and authority to make bona fide investments of the trust estate (1) in preferred and common stocks, and (2) in a common trust investment fund created by said trustee with the funds of the trust now in question and other funds similarly held by such trustee. They are the issues presented here. Broadly but sufficiently

stated for the jurisdictional issue, testatrix's will provided that said trustee shall pay "the entire net revenue derived" from the trust estate to Alby Easton McCormick Toberman, testatrix's daughter, for life; that the trust shall terminate on the death of said daughter "and the trust estate then remaining in the hands of said trustee shall pass" to designated alternative contingent beneficiaries. The litigants seem agreed that all parties having a possible interest in the property are in court. Testatrix's will, with respect to the power and authority vested in said trustee, provides:

"Said Trust Company, as such Trustee, shall hold and manage the trust estate herein created, with full power to sell, transfer, convey, encumber, lease or otherwise deal with the same and every part thereof, in like manner as I might do if living, and to invest the proceeds thereof in such property or securities as in its judgment will yield a safe and regular income, and to change investments and make new investments from time to time as it may deem necessary and proper."

The record discloses that the trust estate is invested in bonds of certain corporations; that the par value of said bonds is $50,150 and the market value $38,000; that the estimated annual income therefrom, as of September 10, 1937, was $1,102; that the life beneficiary requested and the trustee proposed to invest $8,000 in preferred and common stocks and $8,000 in a common trust investment fund, hoping thereby to increase the annual income between $160 and $200. The decree *nisi* held said trustee was authorized and empowered "to invest at any time and from time to time any funds of said trust estate . . . in corporate preferred and common stocks . . . ," and in "a common trust investment fund, or similar fund under some different name or style . . ."

Apparently the review was lodged here upon the theory the amount in dispute exceeds $7500. [Cf. Hanssen v. Karbe (Mo.), 106 S. W. (2d) 415[1, 2]; Ashbrook v. Willis, 338 Mo. 226, 227[1, 2], 89 S. W. (2d) 659 [1-5].]

The litigants make no contention with respect to the right of the life beneficiary to receive the "net revenue" or the alternative contingent beneficiary or beneficiaries to receive the corpus of the estate upon the termination of the trust. The instant record indicates the proposed change will have a tendency to increase the corpus of the estate as well as the income therefrom. The issues are restricted to the legality, as distinguished from the advisability, of the trustee making the proposed investments for the benefit of the life beneficiary. They do not involve a permanent or any divestiture of title of the whole or any portion of the trust estate; and the value of the trust estate involved in the proposed change in investments does not determine "the amount in dispute." [Bates v. Werries (Banc), 196 S. W. 1124, 1126[3]; Rust v. Geneva Inv. Co. (Mo.), 124 S. W. (2d) 1135, 1137[5, 6], and cases cited.] Where the object of the action

is, as here, other than a money judgment, "the amount involved must be determined by the value in money of the relief to the plaintiff, or of the loss to the defendant should the relief be granted, or *vice versa* should the relief be denied." [State ex rel. v. Reynolds (Banc), 256 Mo. 710, 719, 165 S. W. 801, 853.] These observations apply "to cases seeking the interpretation of . . . wills." [Fleischaker v. Fleischaker, 338 Mo. 797, 802, 92 S. W. (2d) 169, 172[6], and cases cited. See generally, among others, Bushnell v. Mississippi & Fox River Drainage Dist., 340 Mo. 811, 814[1], 102 S. W. (2d) 871, 873[2]; Matz v. Miami Club Restaurant, 339 Mo. 1133, 1139, 100 S. W. (2d) 476, 480[1]; Simplex Paper Corp. v. Standard Corrugated Box Co. (Mo.), 76 S. W. (2d) 1075[2, 3]; Consolidated School Dist. v. Gower Bank (Mo.), 53 S. W. (2d) 280, 281[3-5].]

If we concede that the hoped for increase in the annual "net revenue" of between $160 and $200 to the beneficiary for life will follow the proposed change in the investment of the trust estate, the record makes no attempt to affirmatively disclose and we may not say that the life beneficiary will live long enough to receive $7,500 in "net revenue" over and above what said beneficiary would receive if the proposed change does not occur. [Stuart v. Stuart, 320 Mo. 486, 488, 8 S. W. (2d) 613[3]; Hardt v. City Ice & Fuel Co., 340 Mo. 721, 723[3], 102 S. W. (2d) 592, 593[3]; Hanley v. Carlo Motor Service Co., 344 Mo. 267, 126 S. W. (2d) 229[1]; State ex rel. v. Workmen's Compensation Commission (Mo.), 126 S. W. (2d) 230.]

The cause is transferred to the St. Louis Court of Appeals. *Cooley* and *Westhues, CC.,* concur.

PER CURIAM:—The foregoing opinion by BOHLING, C., is adopted as the opinion of the court. All the judges concur.

## ON MOTION TO SET ASIDE.

PER CURIAM:—Respondent has filed a motion to set aside our order transferring this cause to the St. Louis Court of Appeals. Respondent says we overlooked a material fact giving us jurisdiction, to-wit: that if respondent invests the sums requested in stocks and in common trust investment funds and if the stocks or the trust investment funds become valueless, then respondent (if not lawfully authorized to so invest) would be liable for an amount in excess of $7500. The stated conclusion involves a double supposition, the second of which, here involved, is not removed from the realm of speculation. Of course, there is no showing of record that respondent contemplates investing in stocks or trust investment funds which are valueless or that will become valueless. To the contrary, the record tends to establish, as stated in the opinion, that the proposed change in investments will increase the corpus of the estate and yield a slightly larger return, thereby also affording greater stability than the present investments. The motion is overruled.