JAMES B. JACKSON and OLLIE JACKSON, Plaintiffs (Respondents), v. ANDREW MERZ, Defendant (Appellant).—No. 40850.—219 S. W. (2d) 320.

Division One, April 11, 1949.

*Allen H. Whittington* for appellant.

*Detjen & Detjen* for respondents.

[321] DOUGLAS, J.—At the outset we are met with the question of the jurisdiction of this court in this case as determined on the monetary basis. Does "the amount in dispute, exclusive of costs," exceed the sum of seventy-five hundred dollars? Article V, Sec. 3, Cons. 1945. The determination of that question determines our jurisdiction as the monetary standard is the sole basis of our jurisdiction in this controversy.

In order to simplify the question of jurisdiction based on the monetary standard this court had followed a definite rule, now well established, that the record must show affirmatively that the amount in dispute exceeds $7,500. This plain and precise requirement of an affirmative showing is to avoid deciding two controversies in every case; first, a decision on the amount in dispute, and second, a decision on the merits. The rule has worked well in practice, and has prevented confusion and delay in appeals.

The amount in dispute as a basis of appellate jurisdiction is the amount that remains actually in dispute between the parties at the time of the appeal, the amount in controversy to be determined by the appeal. Monetary claims resting on abandoned issues are not to be considered. Only the monetary claims based on live issues are to be counted in computing the amount in dispute. Ewing v. Kansas City, 350 Mo. 1071, 169 S. W. (2d) 897.

Turning to the record in the case before us we find plaintiffs have sued to cancel a lease made with defendant; to enjoin defendant from asserting any rights of possession of plaintiffs' premises; and to recover actual damages of $3,500 and punitive damages of $10,000.

Defendant by his answer and crossbill claims the right to occupy the premises under the lease, and alleges he has been injured by plaintiffs' interference with his possession of the premises. He claims actual damages of $5,000, and punitive damages of $2,500. He does not set out in his answer and crossbill the value in dollars of his right to use and occupy the premises which plaintiffs have denied him. This amount appears nowhere in the record before us.

The trial court by its decree declared the lease was invalid, and enjoined defendant from asserting any right to occupy the premises. It further found plaintiffs were not entitled to recover damages from defendant, and that defendant was not entitled to recover damages from plaintiffs.

Defendant only has appealed. Since plaintiffs have not appealed their claim for damages is no longer a live issue. It has dropped from the case, and is not presented for appellate review.

The issues remaining in the case are defendant's claim for $7,500 damages, and his claim that the lease is valid and he is entitled to occupy the premises under it. There is no dispute about the amount of monthly rent reserved in the lease. The fact defendant would have to pay $25 per month for the use of the premises if the lease should be held valid may not properly be considered in determining the amount in dispute. After all, that would be an obligation imposed on defendant, something he would have to pay out for the enjoyment of the property.

The only right defendant is claiming in plaintiffs' property is the right to occupy it. So it is the value in money of such right of occupancy under the lease, which right the judgment of the trial court has denied defendant, and which right defendant is seeking to recover on appeal, that now concerns us in determining the amount in dispute.

Where the judgment appealed from " 'affects merely the temporary control of property, as contradistinguished from the permanent divestiture of title thereto, the amount in dispute' is the 'financial value of such control, or loss of control, as the case may be, and not the value of the property [322] controlled.' " Rust v. Geneva Inv. Co. (Mo.), 124 S. W. (2d) 1135; Robinson v. Nick, 345 Mo. 305, 134 S. W. (2d )112.

But in the instant case defendant has not set out or separately stated the money value of the right to occupy plaintiffs' premises under the lease. Such amount does not appear affirmatively in the record. Defendant has not claimed it as a special item of damage in addition to his claim for actual damages. Any such item of damage has been included in defendant's claim for actual damages.

The only amount now in dispute appearing affirmatively in the record is defendant's claim for $7,500 total damage. Since the jurisdiction of this court based on the monetary standard is limited to those cases where the amount in dispute *exceeds* $7,500, it follows that we do not have jurisdiction of this case.

Accordingly, the case is transferred to the St. Louis Court of Appeals. All concur.