228 S.W.2d 668 (1950)
JUDEN et al.
v.
HOUCK et al.
No. 41423.
Supreme Court of Missouri, Division No. 2.
April 10, 1950.
*669 Giboney Houck, Cape Girardeau, attorney for appellants.
Jack O. Knehans, Cape Girardeau, attorney for respondents.
BARRETT, Commissioner.
This is a suit in equity by life tenants and an adult contingent remainderman against minor contingent remaindermen and their guardian ad litem for authority to execute a twenty-five year lease, a short term lease and a contract, with F. W. Woolworth Company. The parties are owners of the property in Cape Girardeau through a will and deeds to named persons and "the heirs of their bodies in legal wedlock begotten." F. W. Woolworth Company now occupies the property under a lease which expires in 1951. The property is run-down, the buildings are old and have deteriorated and the F. W. Woolworth Company has offered to enter into a new lease of the property for a term of twenty-five years at an annual rental of three and one-half per cent of the yearly profits, provided the owners raze the present buildings and erect a new structure at an estimated cost of $125,000.00 to $140,000.00. The purpose of the action and of the authority sought is to bind the contingent remaindermen to the terms of the lease even though the life estates should terminate before the expiration of twenty-five years. The appellant minors and their guardian ad litem assert that jurisdiction of the appeal is in this court because "improvements of $140,000.00 are in question."
But the mere recital in the appellants' brief or elsewhere that "the amount in dispute, exclusive of costs, exceeds the sum of seventy-five hundred dollars" Const. Mo.Art. 5, sec. 3, Mo.R.S.A. does not give this court jurisdiction. It must affirmatively appear from the record that the case, as a matter of fact, does involve an amount in excess of $7500.00. It is the duty of this court to determine whether it has jurisdiction by reason of the amount involved and the parties may not confer jurisdiction upon the stated ground either by agreement or acquiescence. In re Arnold's Estate, Mo. Sup., 174 S.W.2d 377; Ewing v. Kansas City, 350 Mo. 1071, 169 S.W.2d 897. The trial court found for the plaintiffs and that it was to the ultimate benefit and best interests of the remaindermen that the contract and leases be executed. Included in the court's decree is the specific recital "that the plaintiffs propose to construct and erect such improvements at great expense to themselves, but no expense to any of the remaindermen." The questions briefed and argued here concern the power of a court of equity to authorize, in the circumstances, life tenants to enter into agreements extending beyond their tenancies so that the agreements would be binding upon minor contingent remaindermen. Obviously, no money judgment was sought or entered against any of the parties. "Plaintiff's petition seeks no money judgment but only asks that the court exercise its equitable jurisdiction and specifically require defendant to execute and deliver to him a written lease." Yacobian v. J. D. Carson Co., Mo. App., 205 S.W.2d 921, 922.
When the object of the suit is not to obtain a money judgment but other relief, "the amount involved must be determined by the value in money of the relief to the plaintiff, or of the loss to the defendant, should the relief be granted, or vice versa, should the relief be denied." McGuire v. Hutchison, 356 Mo. 203, 206, 201 S.W.2d 322, 325. Here, as we understand it, the appellants do not question the reasonableness of the cost of the improvements and the decree specifically recites that there is to be no expense in that connection to the remaindermen. In National Surety Corp. v. Burger's Estate, Mo.Sup., 183 S.W.2d 93, a surety sought to be discharged from future liability under a $30,000.00 curator's bond and it was held that the appeal did not involve an amount in excess of $7500.00 so as to give this court jurisdiction. Likewise, in Jackson v. Merz, 358 Mo. 1212, 219 S.W. 2d 320 it was held that this court did not have jurisdiction of an appeal which involved the cancellation of a lease and an injunction against the defendants asserting rights under the lease. The cost and value of the improvement is not an issue upon this appeal and there is no evidence from which the value of the relief granted to the plaintiff by the decree can be determined or the loss to the defendant thereby, or vice *670 versa, if the decree be set aside. Ewing v. Kansas City, supra. The sole issue upon this appeal is the right and power of the trial court, in the circumstances, to authorize the execution of the contract and leases and that does not in any manner involve a sum in excess of $7500.00 so as to give this court jurisdiction of the appeal. St. Louis Union Trust Co. v. Toberman, 345 Mo. 613, 134 S.W.2d 45; Peer v. Ashauer, Mo.Sup., 92 S.W.2d 154; Jackson v. Merz, supra; National Surety Corp. v. Burger's Estate, supra; McGuire v. Hutchison, supra. The cause is therefore transferred to the St. Louis Court of Appeals.
WESTHUES, and BOHLING, CC., concur.
PER CURIAM.
The foregoing opinion by BARRETT, C., is adopted as the opinion of the Court.
All concur.