John PALMER, Appellant,

v.

Lee LASSWELL, Respondent.

No. 7340.

Springfield Court of Appeals.

Missouri.

May 25, 1955.

See also Mo.App., 267 S.W.2d 492.

Will H. D. Green, H. D. Green, West Plains, for plaintiff-appellant.

Esco V. Kell, West Plains, for defendant-respondent.

RUARK, Judge.

Because of an auto-truck collision plaintiff sued for damage, in the first count, for his own injuries and for injuries to and consequent medical expense and loss of services of his wife in the sum of $7,500 and, in the second count, for property damage of $1,100. The total prayed for was $8,600. Defendant responded with answer and counterclaim growing out of the same collision, claiming $2,500 personal injuries and $1,000 property damage. On jury trial the verdict was, "We, the jury, find the issues for the defendant, Lee Lasswell, on both counts of plaintiff's petition, and against the plaintiff, John Palmer, and we further find for the defendant, Lee Lasswell, on his counterclaim, and assess no damages." The judgment followed the verdict. Plaintiff's motion for new trial challenged two instructions given on behalf of defendant, and after overruling of such motion plaintiff appealed.

At the outset we concern ourselves with our jurisdiction, although no motion to transfer has been filed. Bante v. Bante Development Co., 323 Mo. 649, 19 S.W.2d 641; Roll v. Fidelity National Bank, Mo.App., 115 S.W.2d 148; Crabtree v. Bankers Life Ins. Co., 233 Mo.App. 1067, 128 S.W.2d 1089. In doing so we look into the whole record far enough to determine the amount really in dispute. Gillespie v. American Bus Lines, Mo., 246 S.W.2d 797; Buddon Realty Co. v. Wallace, Mo., 188 S.W.2d 28; Gary Realty Co. v. Kelly, 284 Mo. 418, 224 S.W. 410.

In this case we do not attempt to determine whether the verdict on the counterclaim should have been received nor whether the form of such verdict should have been given the jury, for we cannot decide the merits of the controversy before we determine our jurisdiction (State ex rel. Brenner v. Trimble, 326 Mo. 702, 32 S.W.2d 760, 762, and cases cited), but we must consider such verdict and the judgment thereon, along with the whole record, with the view of ascertaining what is involved in the real question on appeal.

The amount involved, which determines our jurisdiction, is the amount *which actually remains in dispute on appeal.*

Appellate jurisdiction depends on "live issues, issues really in existence." Heuer v. Ulmer, Mo., 273 S.W.2d 169, 170, and cases cited; see also Jackson v. Merz, 358 Mo. 1212, 219 S.W.2d 320. The rule is that when plaintiff's cause and defendant's cause cannot coexist because one is repugnant to the other (as here), the finding upon one is in effect a determination of the other. The issues are merged and resolved by the verdict, and the amount found by the jury is the amount in dispute on appeal. This was held in Hoefel v. Hammel, Mo.App., 228 S.W.2d 402, which was followed and approved by the Supreme Court in Jameson v. Fox, Mo., 260 S.W.2d 507. In the Hoefel case plaintiff's petition and defendant's counterclaim both claimed amounts in excess of $7,500 and defendant obtained verdict on his counterclaim for $5,000. Thereafter the court sustained plaintiff's motion for new trial and defendant appealed. Judge Bennick stated, 228 S.W.2d loc. cit. 405, that "the only real question in dispute on this appeal is whether that verdict shall be reinstated." Here the only *real question* is whether the plaintiff is entitled to a new trial on his petition.

In trial of the case defendant did not offer any instruction submitting his counterclaim; indeed, he offered no evidence in support of his claim for personal injuries and none in support of his claim for property damage, unless it can be said his solitary statement that it cost "$50 or $75" to get his truck repaired be such. (He did not say that all such repairs were made necessary because of the accident.) We think under the whole record defendant abandoned in the trial of the case the affirmative claim which he had presented. Rhineberger v. Thompson, 356 Mo. 520, 202 S.W.2d 64; Bello v. Stuever, Mo., 44 S.W.2d 619; Shumate v. Wells, 320 Mo. 536, 9 S.W.2d 632, 635; see also Shade v. Brinkopf, Mo.App., 119 S.W.2d 444, 446. Disputed amounts eliminated at the trial are eliminated in arriving at the amount in dispute. Lemonds v. Holmes, 360 Mo. 626, 229 S.W.2d 691, and cases cited.

Neither plaintiff nor defendant objected to the verdict at the trial, nor did they in after trial motions complain of such. The defendant has acquiesced, has failed to appeal and in his brief asks affirmance of the judgment. Clearly, if he did not abandon his claim below, it has now become a dead issue as to him. Plaintiff's motion for new trial was based upon claim of error only as to two instructions, both of which went to the plaintiff's case and did not concern the counterclaim. Nor is error assigned in respect to the counterclaim in his brief. In such a situation the Supreme Court has recently held the counterclaim should be disregarded in computing the jurisdictional amount. Nickels v. Borgmeyer, Mo., 256 S.W.2d 560; (see also Hannan-Hickey Bros. Construction Co. v. Chicago, B. & Q. Ry. Co., Mo., 226 S.W. 881). If the verdict on the counterclaim was for the defendant, he has not appealed. If the verdict was for the plaintiff, he is in no position to complain and he assigns no error. If it was in fact no verdict, we think the reasoning of the court in Villmer v. Household Plastics Co., Mo., 250 S.W.2d 964, 970, is applicable. In that case no finding was made on the counterclaim. The language of Barrett, C., at loc. cit. 970, is, "When the verdict was returned there was no objection by either the plaintiffs or the defendants to the fact that there was no finding on the counterclaim. There was no request by the defendants that a finding be made, there was no authorized after trial motion and the defendants have not appealed and are not now complaining of the judgment entered and so they acquiesce in the procedure, and the plaintiffs are certainly in no position to complain of the fact that a judgment was not rendered against them on the counterclaim."

As a practical matter the verdict disposed of the issues. The jury were handed a form of verdict on the counterclaim without instruction. They evidently believed defendant was in the right on the facts but there was no evidence as to any damage suffered by him. Therefore, they expressed themselves in the only way they could. They left the parties where they found them.

Since there is no real question on appeal concerning the counterclaim it is not a live issue, and the only thing involved on this appeal is plaintiff's claim of $8,600, an amount in excess of the jurisdiction of this court. The case should be and is transferred to the Supreme Court.

McDOWELL, P. J., and STONE, J., concur.