Laurance C. PHISTER, Appellant,

v.

The SINGER COMPANY, Respondent.

No. KCD 28604.

Missouri Court of Appeals,
Kansas City District.

Aug. 8, 1977.

Motion for Rehearing and/or Transfer
Denied Aug. 29, 1977.

Don W. Kennedy, Nevada, for appellant.

Michael P. Casey, Evans, Hoemeke & Casey, St. Louis, for respondent.

Before SOMERVILLE, P. J., and WASSERSTROM and TURNAGE, JJ.

PER CURIAM.

Laurance Phister brought suit against the Singer Company to recover $6,411.77 which he claimed he had earned in commissions but had not been paid because he had been terminated. The court, sitting without a jury, found in favor of Singer and Phister appeals.

Singer filed a counterclaim, but did not present any supporting evidence. Neither did it complain of the failure of the trial court to rule upon it. In this court Singer urges the judgment be affirmed. In this posture, the counterclaim has been abandoned and is a dead issue. *Palmer v. Lasswell*, 279 S.W.2d 535, 537[5] (Mo.App. 1955). See also *Webb v. Harrington*, 504 S.W.2d 252, 264[17] (Mo.App.1973).

The ultimate question presented to the trial court was whether or not Singer had a policy that commissions earned prior to an employee's termination would not be paid to the employee after he left Singer's employ. Phister claimed he had never been informed of such policy.

The sales manager of Singer testified Phister attended numerous sales meetings at which this policy was explained. The policy further provided the commissions which a terminated employee had earned would be paid to the employee's replacement. Phister admitted he had received commissions earned by his predecessor.

The evidence bearing on this question consisted of the oral testimony of Phister and the Singer sales manager. On this conflict in evidence the trial court found the Singer policy had been made known to Phister. The court made findings of fact which indicated Phister was not entitled to recover because of the policy.

This court must give due regard to the opportunity of a trial court to judge the credibility of the witnesses. It is especially appropriate to give deference to the trial court in this case when the resolution of the questions rests upon the credibility of the witnesses and the weight to be given to their testimony. Rule 73.01; *Labor Discount Ct. v. State B. & T. Co.*, 526 S.W.2d 407, 421[4, 5] (Mo.App.1975).

Under *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976) the judgment must be affirmed unless there is no substantial evidence to support it or unless it is against the weight of the evidence or erroneously declares or applies the law. The judgment here is supported by substantial evidence and no other reason exists to disturb it.

The judgment is affirmed under Rule 84.-16 and an extended opinion would have no precedential value.